AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,

v.

Tamala Jo RYAN, et al., Appellants.

No. C3-82-806.

Supreme Court of Minnesota.

Feb. 25, 1983.

Schwebel, Goetz, Sieben & Hanson and Diane C. Hanson, Faegre & Benson and James A. O'Neal, Minneapolis, for appellants.

Cousineau, McGuire, Shaughnessy & Anderson and Barbara A. Burke, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This appeal arises from a declaratory judgment action commenced by American Family Mutual Insurance Company (American Family) to determine the issue of liability coverage under a homeowner's policy it issued to Dennis and Zelda Ryan. The policy at issue contains a household exclusion clause which excludes any liability coverage for an insured when he or she negligently causes injury to a member of the insured's household. Relying upon this exclusion, American Family moved for summary judgment in district court, Stearns County, Judge Charles Kennedy presiding. Judge Kennedy granted American Family's motion, and defendants Ryan appeal from the entry of that judgment.

Dennis and Zelda Ryan are the parents of Tamala Jo Ryan, and this action arises from an accident and serious injury to Tamala which occurred on June 10, 1980. At that time the Ryans lived next door to the Dombrovski family in St. Cloud, Minnesota.

Three-year old Tamala was playing in the Dombrovski's backyard with 6-year-old Cody Dombrovski. Thomas Dombrovski was mowing his lawn with his riding lawnmower. Zelda Ryan was also in the Dombrovski's backyard working in a garden shared by the two families. Somehow Tamala fell down in front of the mower and came in contact with the blades. She suffered a severe injury to her right foot and ankle which resulted in a below-the-knee amputation of her right leg.

Originally, this case was commenced by the Ryans in United States District Court as a products liability action against the manufacturer of the lawnmower, McDonough Power Equipment, Inc. (McDonough). In response to the complaint in that action, McDonough counterclaimed against Tamala's parents, alleging negligent supervision and instruction and seeking contribution or indemnity.[1] On the day of the accident, the Ryans had in effect a homeowner's insurance policy which contained coverage for personal liability, and they tendered their defense in this matter to their insurer, American Family.

Relying upon a policy exclusion of liability coverage for any bodily injury to an insured or a resident relative of the insured, American Family contended that the Ryans had no coverage under the policy and commenced the instant declaratory judgment action for a determination of the coverage issue. American Family argued that the Ryans were protected from liability by the doctrine of parental immunity and that, in any event, the household exclusion clause is fully valid and enforceable. Finding the household exclusion clause to be valid, Judge Kennedy granted American Family's motion for summary judgment. In so holding, Judge Kennedy specifically found that a recent decision abolishing parental immunity, *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980) (decided about 1 month after

---

1. McDonough originally counterclaimed against Dennis Ryan, and did not bring a third party claim against Zelda Ryan until after American Family had commenced the instant declaratory judgment action. Both Dennis and Zelda Ryan tendered their defenses in this mat-

ter to American Family, and the parties herein have agreed that the disposition of this action will govern American Family's obligations to Zelda Ryan under the homeowner's policy at issue, even though she has not been named as a party to this action.

the date of Tamala's injury) was not retro-active.

The doctrine of parental immunity in Minnesota has been the subject of repeated judicial alteration. Originally, we followed the view, then prevalent in this country, that an unemancipated minor child could not sue his or her parent in tort. *See, e.g., Lund v. Olson,* 183 Minn. 515, 516, 237 N.W. 188, 188 (1931). In 1966, in a decision which first signaled our eventual modification of this strict rule of parental immunity, we abolished immunity in the reverse situation where the parent brings an action against his child. *Balts v. Balts,* 273 Minn. 419, 433, 142 N.W.2d 66, 75 (1966). Under *Balts,* parents remained immune from tort claims brought by their children. However, in *Silesky v. Kelman,* 281 Minn. 431, 161 N.W.2d 631 (1968), this court restricted the scope of parental immunity to actions for wrongful negligent conduct "(1) Where the alleged negligent act involves an exercise of reasonable parental authority over the child; [or] (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care * * *." 281 Minn. at 442, 161 N.W.2d at 638.

Because *Anderson v. Stream,* 295 N.W.2d 595 (Minn.1980), the case which abolished parental immunity, had not yet been decided, *Silesky* was the prevalent standard of parental immunity at the time of the occurrence of Tamala Ryan's injury.[2] The primary argument set forth by appellants is that a household exclusion clause in a homeowner's insurance policy must be declared invalid as in contravention of the public policy furthered by *Anderson* (*i.e.,* the policy that children should be compensated for negligently-inflicted injury). The retroactivity of *Anderson* is therefore a central issue, although both parties argue that they should prevail regardless of the availability of parental immunity.

 The general rule is that judicial decisions are to be given retroactive effect

unless there are specific instructions to the contrary, or unless retroactive application would be counterproductive or inequitable. *See Hoff v. Kempton,* 317 N.W.2d 361, 363 (1982). We have recognized an exception to this rule in cases concerning the abolition of a tort immunity. *See, e.g., Nieting v. Blondell,* 306 Minn. 122, 131–32, 235 N.W.2d 597, 603 (1975); *see also* Note, *The Retroactivity of Minnesota Supreme Court Personal Injury Decisions,* 6 Wm. Mitchell L.Rev. 179, 185–88 (1980). The policy underlying this exception is the avoidance of unfair hardship upon insurers and insureds who have set rates, purchased coverage for reasonably anticipated risks, and otherwise justifiably acted in reliance upon the continued existence of the particular tort immunity. *Id.* Although the *Anderson* decision does not specify whether it is to be applied retroactively or prospectively, we reaffirm this well-recognized exception and hold that *Anderson* is restricted to prospective application.

 In anticipation of our determination that *Anderson* does not apply retroactively, appellants further argue that household exclusion provisions should still be held ineffective because they undermine this court's rationale in limiting the scope of intrafamily tort immunities in cases prior to *Anderson.* The well-settled general rule in the construction of insurance contracts, however, provides that parties are free to contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into. *See Bobich v. Oja,* 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960). Appellants have failed to cite, and we are unable to locate, any cases to support the contention that the subject household exclusion clause operates to deny coverage which, under the facts presented, is required by law. Nor do appellants contend that the statutes regulating homeowner's insurance prohibit the household exclusion. The controlling stat-

---

2. It is critical to note that the accident which injured Tamala Ryan occurred on June 10, 1980, whereas *Anderson* was not decided until July 3, 1980.

utes do not prohibit such exclusions, nor do they require homeowner's policies to provide liability coverage for claims made by one resident of a household against another. *See* Minn.Stat. §§ 60A.06, 65A.27–.29 (1982). Accordingly, we hold the household exclusion clause at issue in the case at bar to be valid, and we therefore affirm the district court's grant of summary judgment.

Affirmed.