**In the Matter of ESTATE OF Alfred H. ZENOR, Deceased.**

**No. C7-84-2174.**

Court of Appeals of Minnesota.

June 18, 1985.

Review Denied Aug. 29, 1985.

Gayle H. Cramer, Minnetonka, for Alfred H. Zenor, Dec.

Jerry Korba, Minneapolis, for Ruth McMonagle/Ruth Zenor.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

The Estate of Alfred Zenor (Estate) appeals a trial court's order for summary judgment in favor of Ruth Hoffman, now known as Ruth McMonagle, in a contested claim on Zenor's estate.[1] The trial court's order for summary judgment awarded McMonagle a one-half interest as a tenant in common in the homestead property of the estate. We affirm.

## FACTS

Zenor and McMonagle purchased the property at issue on a contract for deed in August 1957. They were married in 1961. The marriage was dissolved in 1966. Custody was the primary dissolution issue. After the dissolution, the presiding judge (now deceased) issued the following relevant Findings of Fact, Conclusions of Law, and Order for Judgment:

### FINDINGS OF FACT

\*    \*    \*    \*    \*    \*

4. That the parties own the homestead premises. \* \* \*

\*    \*    \*    \*    \*    \*

### CONCLUSIONS OF LAW

\*    \*    \*    \*    \*    \*

2. That [Alfred Zenor] shall have the exclusive possession of the homestead premises \* \* \* and that [Alfred Zenor] shall have the right to encumber said property by mortgage and that [Ruth McMonagle] is herewith ordered to join in execution of said mortgage note and mortgage. That [Ruth McMonagle] shall vacate said homestead premises forthwith. \* \* \*

3. That [Alfred Zenor] is a fit and proper person to have the care and custody of the minor children of the parties. \* \* \*

\*    \*    \*    \*    \*    \*

---

1. This appeal is taken from a nonappealable order. Neither party raised that issue. We address the merits in the interest of economy for the court and the parties. *Volkman v. Ecklund,* 368 N.W.2d 765 (Minn.Ct.App.1985).

8. That [Ruth McMonagle] shall have possession of and title to that 1959 Chevrolet station wagon now in her possession. That [Alfred Zenor] shall have possession of and title to that 1952 Chevrolet automobile now in his possession.

Six months after the dissolution judgment and decree was issued, Zenor refinanced the homestead. Both parties executed the mortgage deed. Subsequently, the contract for deed vendor was paid off and the vendor conveyed the property by a warranty deed to Zenor and McMonagle as individuals. After the dissolution, Zenor paid all the expenses of the homestead.

In 1972, McMonagle commenced an action for partition of the homestead property, but she did not pursue that action to conclusion. Zenor died on December 1, 1982. McMonagle subsequently brought an action against the Estate for a one-half interest in the homestead property. On June 7, 1984, she moved for summary judgment on the issue of ownership of the homestead property. At the hearing on that motion, the attorney who represented Zenor during the 1966 dissolution testified that the dissolution judge deliberately did not determine ownership of the homestead in the dissolution action for two reasons: the encumbrances on the property were uncertain at that time and the judge was concerned about raising an appealable issue (and risking a reversal on his custody determination).

On August 2, 1984, McMonagle's motion for summary judgment was granted. The trial court determined that McMonagle has a one-half interest in the homestead property as a tenant in common. In addition, the trial court denied McMonagle's request that the property be sold and the proceeds divided. The trial court reserved the setoff issues for trial. The Estate's motion for review of the order for summary judgment was denied and the Estate appeals from that denial.

## ISSUE

Did the trial court properly grant respondent summary judgment on the issue of ownership of the homestead property?

## ANALYSIS

The function of a court reviewing a summary judgment is to determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). All doubts and factual inferences must be resolved in favor of the Estate, the nonmoving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

The Estate contends on appeal that a material factual issue exists concerning the title to the homestead property. The Estate claims that the 1966 dissolution judgment and decree does not include an ultimate disposition of the title to the property, and therefore, this issue must now be litigated. The Estate relies primarily on evidence which indicates that the presiding dissolution judge intended to defer final disposition of the property until a later date. We cannot agree.

The homestead property issue was litigated at the time of the dissolution. Both parties sought the ownership of the homestead. The presiding judge issued findings and conclusions which indicate that he left ownership of the homestead with both parties. The judge awarded Zenor exclusive possession of the homestead and ordered McMonagle (as joint owner) to execute any mortgage deeds necessary to refinance that property.

The dissolution judge's failure to transfer ownership in the decree was not an oversight. He was aware of what it takes to transfer ownership, since he awarded each party "possession of and *title* to" one of their cars. If the dissolution judge had intended to make a change in the ownership of the homestead, he would have used the appropriate legal terms.

The Estate alleges that the 1966 decree was not a *final* disposition of the property. However, the judge did not indicate on the record that the 1966 decree was *not* a final disposition. The findings and conclusions

state no reservation of the issue of homestead ownership. The testimony of Zenor's dissolution attorney that the judge told him in chambers that he would dispose of the homestead property later is not sufficient evidence to raise a material fact question regarding whether the decree was a final disposition.

We conclude that the 1966 dissolution decree was a final disposition of the homestead. The facts show that the parties litigated the homestead issue, that the dissolution court addressed the issue in its findings and conclusions, and that the dissolution court did not indicate in the record that the decree was anything but final. *See Kiesow v. Kiesow,* 270 Minn. 374, 386–87, 133 N.W.2d 652, 661–62 (Minn.1965) (award of exclusive use and possession of property to wife could not be modified after the rights to the property had been litigated and the time for appealing had expired).

The dissolution decree left both parties with an ownership interest in the homestead. We must consider what type of ownership interest they had.

Before the dissolution, Zenor and McMonagle held title to the homestead property in joint tenancy. The trial court here in its summary judgment awarded McMonagle a one-half interest in the property as *a tenant in common.* The Estate contends that there is a factual issue regarding what kind of title McMonagle holds.

In *Snyder v. Snyder,* 298 Minn. 43, 212 N.W.2d 869 (1973), the Minnesota Supreme Court held:

> that in a divorce proceeding where there is a final disposition of jointly held property, such a decree effectuates a severance of the joint tenancy unless the decree specifically declares that the parties shall continue to hold the property as joint tenants instead of as tenants in common.

*Id.* at 50, 212 N.W.2d at 874.

■ The Estate argues that *Snyder* is not applicable here because *Snyder* was not decided until 1973, seven years after Zenor and McMonagle's dissolution. Judicial decisions are to be given retroactive effect unless there are specific instructions to the contrary, or unless retroactive application would be counter-productive or inequitable. *American Family Mut. Ins. Co. v. Ryan,* 330 N.W.2d 113, 115 (Minn.1983). Here, the *Snyder* court did not specifically pronounce that its decision was to be applied prospectively only. In addition, a retroactive application of *Snyder* is neither counterproductive nor inequitable. Applying *Snyder* to the present case furthers the operation of the *Snyder* rule and the equities in this case do not prevent a retroactive application of the rule, particularly since the facts themselves indicate that Zenor and McMonagle held the property as tenants in common. *Snyder* sets forth a retrospective rule for interpreting dissolution decrees and is controlling. Zenor and McMonagle held title as tenants in common.

■ Even assuming, arguendo, that *Snyder* was inapplicable to this case, our conclusion that Zenor and McMonagle were tenants in common would remain. Since 1966, when the Contract for Deed was satisfied, they have held a Warranty Deed which designates them as tenants in common. For 16 years, neither raised any objection to that designation. The Estate should not be permitted to raise an objection now.

The trial court determined that McMonagle held a one-half interest in the property. The Estate argues that, even if the trial court properly determined that McMonagle has an interest in the property as a tenant in common, there is still a material factual issue as to the proportion of her interest.

The Estate urges that there are facts which rebut McMonagle's presumptive one-half share of the property and relies on the parties' conduct after their dissolution. The Estate claims Zenor paid for all the expenses of the property and made improvements to it, and that McMonagle made no contribution. These facts do not relate to the issue of ownership. McMonagle's failure to contribute to the costs of

the homestead is not relevant to McMonagle's share in the property; rather, it is relevant to the Estate's setoff claims. Those setoff claims are not a part of the order for summary judgment, but are reserved for trial. There are no other facts present which would rebut McMonagle's one-half interest in the property.

Summary judgment was properly granted. None of the facts which are relevant to *who* owns the homestead property are disputed. The trial court did not err in its application of the law.

## DECISION

No material fact issue exists concerning the ownership of the homestead property. The trial court properly ordered summary judgment on McMonagle's claim to a one-half interest as a tenant in common in the homestead property of the estate.

Affirmed.