In the Matter of the **ESTATE OF Larry W. HOFFBECK.**

No. C9-87-1073.

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Denied Jan. 28, 1988.

**448**

William D. Hull, Minneapolis, for appellant AgriStor Leasing.

Brian White, Wabasso, for respondent Larry W. Hoffbeck.

Considered and decided by WOZNIAK, P.J., and NORTON and IVERSON *, JJ., with oral argument waived.

## OPINION

IRVING C. IVERSON, Judge.

Appellant AgriStor Leasing filed suit against respondent Hoffbeck's estate for damages arising from a default on a lease agreement. The court denied appellant's claim and held the lease unconscionable. Appellant brought a post-trial motion for a new trial or amended findings, and requested an evidentiary hearing on the issue of unconscionability. AgriStor appeals from the trial court's order denying its motion. We reverse and remand on the issue of damages for breach of the lease agreement.

## FACTS

In April and September 1980, Larry Hoffbeck, decedent, and his spouse, Wendy, entered into an Agricultural Equipment Lease Agreement with AgriStor Leasing. AgriStor leased a Harvestore silo, an unloader and some automated feeding equipment for a term of eight years, with monthly payments of $1,005.27.

Larry Hoffbeck was killed in a farm accident in September 1984. Under the lease, death of a lessee constituted a default. Wendy stopped making payments on the lease in April 1985, committing an addition-

al act of default. As a result, AgriStor sued for $30,977.76 in damages for breach of contract.

At trial, Robert Ollhoff, Assistant District Manager at AgriStor, testified that the equipment repossessed from Hoffbeck could be re-leased for 96 months at $536.00 per month, for a total of $51,456.00. However, as of the time of trial, the equipment had not been re-leased. AgriStor calculated its damages by assuming a re-lease date of July 15, 1986.

Ollhoff testified damages were based on past rents due ($15,856.56), present value of the remaining rents due ($19,647.36), less the amount recoverable as a result of repossession ($4,526.16). In arriving at the recoverable amount of $4,526.16, the court found that the original purchase price of the leased equipment was $51,760. Ollhoff had testified, however, that $51,760 was the price of only the silo and unloader. He later submitted an affidavit stating that the feeding equipment cost an additional $17,225.30. On the court's request for additional briefs at trial closing, Hoffbeck's attorney said he planned to address the issues of unconscionability and mitigation of damages.

The court found as a matter of law that the lease agreement was unconscionable at the time of execution. The court decided the terms of the contract weighed heavily in AgriStor's favor, and, therefore, would not enforce further compliance. Moreover, the court determined AgriStor would be fully compensated by the re-leasing of the equipment, and, so, had not suffered any loss whatsoever.

AgriStor brought a motion asking to introduce new evidence on the cost of the equipment, asking to amend the findings of fact on the total rental payments made by Hoffbeck, and claiming the lease was not unconscionable. An April 1987 court order amended the findings of fact to reflect the actual rental payments made by Hoffbeck from $74,295.73, as stated in the earlier order, to $58,164.29. The court concluded, however, that the reduction in actual lease

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

payments made was insufficient to amend its previous conclusions. The court also held, looking at the substantive terms of the lease and not the procedural aspects involved, that the determination of unconscionability was supported by the evidence.

## ISSUES

1. Did the trial court err in concluding the lease agreement was unconscionable?

2. Does the evidence support the trial court's finding that the original purchase price of the equipment leased was $51,-760.00?

## ANALYSIS

■ 1. A contract is unconscionable if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Hume v. United States*, 132 U.S. 406, 411, 10 S.Ct. 134, 136, 33 L.Ed.2d 393 (1889). Upon finding that a contract was unconscionable at the time it was entered, a court may refuse to enforce the contract, remove the unconscionable clause or limit its application to avoid an unfair result. Minn.Stat. § 336.2–302(1) (1986).

■ Although a reviewing court may freely interpret the law without deference to the trial court, it is bound to accept the trial court's conclusions of law based on findings that are not clearly erroneous. *Kadlec Motors, Inc. v. Knudson*, 383 N.W.2d 342, 345 (Minn.Ct.App.1986) (citing *Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 728 (Minn.1985)).

Appellant contends the trial court erred in concluding the lease was unconscionable. Appellant asserts there was no evidence at trial that it was attempting to avoid liability through a disclaimer provision, or that the lessee's remedies were unduly limited, or that the payment terms were excessive. Respondent, on the other hand, contends the provisions were punitive because the lessor had the right to repossess the equipment and accelerate all unaccrued rent upon default.

■ We disagree with the trial court's determination of unconscionability. The issue of unconscionability was not even raised until the end of trial, when the judge requested briefs from counsel. There was no evidence on the circumstances surrounding the signing of the lease, nor was there evidence on other provisions in the lease, current value of comparable equipment, finance rates available to farmers in 1980, or the effect of leasing in the farming industry. It was impossible for appellant to have anticipated, and then contested, respondent's defense before it was asserted.

The lease was in effect from 1980 until Hoffbeck's death in 1984. In those four years no issue of an unfair lease was ever raised. Hoffbeck's widow then continued under the lease for approximately eight more months with no claim of unfairness. Since it was a clear-cut lease, performed for five years without difficulties or objections, we reverse the trial court's holding of unconscionability and remand for a determination of damages for breach of the lease agreement.

■ 2. Even though evidence to support a factual finding exists, an appellate court may order a reversal if "left with a firm conviction that a mistake has been made." Minn.R.Civ.P. 52.01; *State v. Paulson*, 290 Minn. 371, 373, 188 N.W.2d 424, 426 (1971). The trial court found the original purchase price for the equipment leased by respondent was $51,760.00. Robert Ollhoff testified the original purchase price of the silo and the unloader was $51,-760.00, but that amount did not include the cost of the feeding equipment. Ollhoff subsequently submitted an affidavit with appellant's post-trial motion, stating the feeding equipment cost appellant $17,-225.30.

The evidence does not support the trial court's finding that the original purchase price of all the equipment leased respondent was $51,760.00. Both Ollhoff's testimony and his affidavit clearly indicated the cost total was $68,985.30. Therefore, upon remand for damages, the additional $17,-225.30 for the feeding equipment should be included in appellant's costs.

## DECISION

The trial court erred in concluding the lease agreement was unconscionable because there was no credible evidence presented at trial on the issue. The evidence does not support the trial court's finding that the original purchase price of the equipment leased was $51,760.00. We remand for a determination of damages for breach of the lease agreement.

Reversed and remanded.