Robert Arlen ANDREN, Appellant,

v.

WHITE–RODGERS CO., A DIVISION
OF EMERSON ELECTRIC CO.,
Respondent,

Sears Roebuck & Co., a New York
Corp., Respondent.

WHITE–RODGERS CO., A DIVISION
OF EMERSON ELECTRIC CO., Defen-
dant and Third–Party, Plaintiff, Re-
spondent,

v.

FLEXAN CORP., an Illinois Corp.,
Third–Party Defendants,
Respondent,

Minnesota Rubber, a Quadian Co.,
Third–Party Defendant.

No. CX–90–1755.

Court of Appeals of Minnesota.

Nov. 27, 1990.

John Clifford, Meshbesher, Singer &
Spence, Ltd., Minneapolis, for appellant,
Andren.

Brian Johnson, Popham, Haik, Schnob-
rich & Kaufman, Ltd., Minneapolis, for re-
spondent, White–Rodgers Co., a Division of
Emerson Electric Co.

Gene Bradt, Hansen, Dordell, Bradt, Od-
laug & Bradt, St. Paul, for respondent,
Sears Roebuck & Co., a New York Corp.

William Hart, Meagher & Geer, Minne-
apolis, for respondent, Flexan Corp., an
Illinois Corp., third–party defendant, third–
party defendant, Minnesota Rubber, a Qua-
dian Co.

Considered at Special Term and
decided by WOZNIAK, C.J., and
GARDEBRING and KLAPHAKE, JJ.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant Andren was injured when a
space heater exploded. Andren sued Sears

Roebuck and White–Rodgers, the manufacturer of the heater. White–Rodgers brought a third-party complaint against Flexan, alleging that Flexan manufactured a component of the heater.

The trial court granted summary judgment, dismissing Andren's claims. All remaining claims were dismissed, and a final judgment was entered on May 18, 1990. Andren appealed the summary judgment. He raised no direct claims against Flexan. White–Rodgers did not appeal the dismissal of its third-party claim against Flexan or file a notice of review. Flexan moved for an order dismissing it from the appeal.

## DECISION

Flexan argues that the failure of White–Rodgers to file an appeal or a notice of review renders the dismissal of the third-party action final. We disagree.

A notice of review is the proper route for a respondent to raise issues on which it is adverse to the *appellant*, but it is not an appropriate vehicle for a respondent to raise issues on which it is adverse to other *respondents*. *Leaon v. Washington County*, 397 N.W.2d 867, 872 (Minn. 1986). Andren did not seek dismissal of the third-party action, and it would have been improper for White–Rodgers to challenge the dismissal by notice of review.

Because Andren's claims were dismissed, White–Rodgers is not aggrieved by the dismissal of its third-party claim for contribution or indemnity. That claim is now contingent on Andren obtaining a reversal on appeal. The dismissal was not based on any review of the merit of the third-party claim.

A respondent who has prevailed in the trial court need not file a "contingent" appeal or a notice of review to preserve the right to seek a remand if the trial court's decision is reversed. It is sufficient that the parties "state with specificity in their respective briefs the precise nature of the relief sought from the appellate court." *Hoyt Inv. Co. v. Bloomington Commerce & Trade Center Assocs.*, 418 N.W.2d 173, 175 (Minn.1988). If the respondent fails to seek "affirmance or, in the event of reversal, remand," the third-party claim may be barred. *Id.* at 176.

At this time, White–Rodgers is not aggrieved by the dismissal of the third-party claim, and it was not required to file an appeal or a notice of review. Dismissal of the third-party defendant is premature.

Motion to dismiss denied.