MINNESOTA MUTUAL FIRE & CASUALTY INSURANCE COMPANY, Respondent,

v.

Mary MANDERFELD and Michael Manderfeld, individually and as father and natural guardian of Gregory Manderfeld, a minor, Appellants,

Snapper Power Equipment, Defendant.

No. C6–91–2363.

Court of Appeals of Minnesota.

April 7, 1992.

Review Denied in Part and Dismissed in Part June 10, 1992.

522

Barbara R. Hatch, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for respondent.

Larry Reed, Hassan & Reed, Minneapolis, Clarance E. Hagglund, Britton D. Weimer, William C. Weeding, Hagglund Law Firm, P.A., Minneapolis, for appellants.

James A. O'Neal, Faegre & Benson, Minneapolis, for defendant.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Gregory Manderfeld, through his guardian ad litem, Walter Irwin, sued Mary Manderfeld (his mother), Snapper Power Equipment, and Charles Moran for injuries Gregory suffered when he was run over by a lawnmower operated by his mother. Shortly thereafter, Minnesota Mutual Fire and Casualty Insurance Company sought a declaratory judgment that it was not liable for coverage of Gregory's injuries. The trial court granted Minnesota Mutual's motion for summary judgment.

On appeal, the Manderfelds argue that a residency exclusion in their Minnesota Mutual policy is invalid. They claim the exclusion is ambiguous, is void for lack of consent of the beneficiary, is contrary to the insured's reasonable expectations and contravenes public policy. The Manderfelds further allege that their insurance representative breached a duty to explain the household exclusion. They also moved to strike portions of Minnesota Mutual's brief. We affirm the trial court.

## FACTS

On May 22, 1990, Mary Manderfeld was operating a riding lawnmower at the home of her father, Charles Moran. Gregory Manderfeld, age four, suffered injuries when Mary accidentally drove the lawnmower over Gregory's legs, severing his right foot. At the time of the accident, the boy was residing with his parents, Mary and Michael Manderfeld, in Minneapolis.

Minnesota Mutual had issued a homeowner's insurance policy to the Manderfelds. The policy contained a "homeowner's exclusion" providing that the policy would not cover an insured for a bodily injury claim asserted by another insured under the policy.

## ISSUES

1. Did the trial court err in finding the household exclusion in the insurance policy unambiguous?

2. Did the trial court err in finding the exclusion provision did not violate the reasonable expectations of the insured?

3. Did the trial court err in failing to find the exclusion void on public policy grounds?

4. Did the trial court err in finding that the Manderfelds' insurance representative did not breach a duty to explain the exclusion?

5. Did the trial court err in failing to find the exclusion void because the claimant did not provide consent?

## DISCUSSION

### Standard of Review

Minnesota Rule of Civil Procedure 56.03 provides that the trial court shall award summary judgment where "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." On appeal from an award of summary judgment, this court's sole function is to determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

### I

■ The Manderfelds argue that portions of Minnesota Mutual's brief should be stricken from the record. First, they move to strike a factual reference identifying Michael Manderfeld as a certified public accountant. The court must strike matters outside the record on appeal. *Mitterhau-*

*ser v. Mitterhauser,* 399 N.W.2d 664, 667 (Minn.App.1987).

We deny the motion to strike the reference. Mary Manderfeld testified in her deposition that Michael is a certified public accountant. The deposition was in evidence before the trial court. The record therefore provides adequate factual basis to support the assertion.

The Manderfelds also move this court to strike a portion of Minnesota Mutual's argument in respondent's brief. Specifically, the Manderfelds claim that Minnesota Mutual failed to file a notice of review allowing them to raise as an issue whether the Manderfelds' insurance representative acted as Minnesota Mutual's agent. We deny the motion to strike.

■ The Minnesota Rules of Civil Appellate Procedure provide:

> A respondent may obtain review of a judgment or order entered in the same action which may adversely affect him by filing a notice of review with the clerk of the appellate courts.

Minn.R.Civ.App.P. 106. Where the respondent fails to file a notice of review to preserve an issue, the court will decline to address it. *Ford v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 294 N.W.2d 844, 845 (Minn.1980). A respondent who prevails at the trial court level, however, need not file a notice of review to preserve the right to seek remand if the trial court's decision is reversed. *Andren v. White-Rodgers Co.,* 462 N.W.2d 860, 861 (Minn. App.1990).

The trial court found that whether the insurance representative acted as an agent for Minnesota Mutual was a question of material fact, but ultimately concluded that the representative had no duty to alert the Manderfelds to the household exclusion. Minnesota Mutual's failure to file a notice of review therefore does not, as the issues are presented in this case, preclude our review of the agency question.

## II

■ The Manderfelds argue that the household exclusion should not preclude coverage, because the exclusion is ambiguous. We hold that this is not the case. Whether the language of an insurance policy is ambiguous presents a question of law. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.,* 275 N.W.2d 32, 34 (Minn.1979). If the language of the policy is susceptible to more than one reasonable interpretation, it is ambiguous. *Id.* The reviewing court, however, may not read an ambiguity into the plain language in order to provide coverage. *Id.* Because the insurance company selects the language, any reasonable doubt as to the meaning of the policy language is resolved in favor of the insured. *Amatuzio v. United States Fire Ins. Co.,* 409 N.W.2d 278, 280 (Minn.App.1987).

■ The Manderfelds claim that the household exclusion is susceptible to two interpretations: (1) the exclusion applies only when the site of the injury is under the insured's control, i.e., on the insured's premises or in the insured's vehicle; (2) the exclusion applies regardless of the site of the injury. The Manderfelds argue that the exclusion is ambiguous when applied to the facts of Gregory's injury because the accident occurred off the Manderfelds' premises. We agree with the trial court that the policy language does not produce such an ambiguity.

The definitions section of the Manderfelds' policy provides:

> 3. "insured" means you and residents of your household who are:
> a. your relatives; or
> b. other persons under the age of 21 and in the care of any person named above.
>
> \*   \*   \*   \*   \*   \*
>
> 2. Coverage E—Personal Liability, does not apply to:
>
> \*   \*   \*   \*   \*   \*
>
> f. bodily injury to you or an insured within the meaning of part a. or b. of "insured" as defined.

The policy unambiguously excludes from coverage bodily injuries to anyone defined as an insured. The language makes no distinction between injuries occurring on the insured's premises and those occurring

off them. We therefore agree with the trial court that to read such an ambiguity into the policy violates its plain language.

### III

■ The Manderfelds next allege that the household exclusion violated their reasonable expectations as insureds. We disagree in this case, although we believe that these exclusions generally run the danger of violating the reasonable expectations of the insured. The supreme court adopted the reasonable expectations doctrine in *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271 (Minn.1985). The court stated that, in view of the unique circumstances surrounding a layperson's purchase of insurance,

> the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.

*Id.* at 277 (quoting Robert Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961, 967 (1970)). The court set forth factors to determine whether an insurance policy violates the insured's reasonable expectations:

> [A]mbiguity in the language of the contract * * * becomes a factor in determining the reasonable expectations of the insured, along with such factors as whether the insured was told of important, but obscure, conditions or exclusions and whether the particular provision in the contract at issue is an item known by the public generally.

*Id.* at 278.

The trial court found that the household exclusion did not violate the Manderfelds' reasonable expectations, because it was neither ambiguous nor hidden. We have already held that the language in the Minnesota Mutual policy is not ambiguous, nor was the exclusion hidden in the policy. The testimony at trial indicated that Minnesota Mutual did not tell the Manderfelds about the household exclusion, but the record indicates that Michael Manderfeld is a certified public accountant. We find no reason to believe that he could not read the policy and understand the exclusion provision without the need for "painstaking study." The exclusions section was delineated clearly in bold letters. We therefore conclude that the policy was not misleading in this respect.

Although we hold that the household exclusion was not shown to violate the Manderfelds' reasonable expectations, we question whether the general public contemplates such an exception when purchasing homeowner's or renter's coverage. While we are aware of no objective evidence that laypersons would not expect such exclusions in their policies, as a practical matter the exclusion seems somewhat counterintuitive. It seems difficult to argue that it is entirely unreasonable to expect a homeowner's insurance policy to provide coverage for family members injured by another member's negligence; they are, after all, those most likely to be found about the home. We find such an analysis troublesome and related closely to the Manderfelds' argument that the household exclusion provision should be void on public policy grounds.

### IV

■ The Manderfelds allege that the household exclusion is void because it contravenes the public policy of providing compensation for a family member injured by another member. We believe this is most properly a question for the supreme court or for the legislature. In *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980), the supreme court abolished the doctrine of parental immunity, which had proscribed lawsuits by children against their parents for personal torts. The court relied on the availability of liability insurance as justification for the decision:

> Finally, the prevalence of liability insurance is a pertinent and important factor in subjecting parents to suit by their children. After all, our paramount objective is to compensate the child for his or her injuries, and the widespread existence of homeowner's and renter's liability insurance will help effectuate this

goal. To deny the injured child this source of funds * * * is an anomaly this court will not tolerate.

*Id.* at 600 (citations omitted). The court further stated that

although homeowner's and renter's liability insurance is not statutorily mandated, such coverage, which is unquestionably quite common, is a proper and persuasive factor to be relied upon in reaching our decision.

*Id.* at n. 7.

The supreme court considered the validity of the household exclusion against a public-policy attack in *American Family Mut. Ins. Co. v. Ryan,* 330 N.W.2d 113 (Minn.1983). *Ryan* arose out of an injury to the Ryans' child occurring a few weeks before the supreme court's decision in *Anderson.* The trial court granted American Family's motion for summary judgment, concluding that the household exclusion precluded coverage for injuries to the child. *Id.* at 114. The supreme court held first that the *Anderson* decision had no retroactive effect and therefore would not govern the case. *Id.* at 115. The court then held that the household exclusion did not contravene public policy. *Id.* at 116. The court reasoned that

parties are free to contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into. * * * The controlling statutes do not prohibit such exclusions, nor do they require homeowner's policies to provide liability coverage for claims made by one resident of a household against another.

*Id.* at 115–16 (citations omitted).

We are concerned that the household exclusion frustrates the public policy, enunciated in *Anderson,* of compensating persons injured by family members. We have in mind that it is unclear from the record whether the homeowner's and renter's liability coverage-buying public would or would not likely be aware of the household exclusion. The trial court raised these concerns in a thoughtful memorandum. We

concur with the trial court's conclusion that the public policy issue is not a proper determination for the district court. Similarly, we believe it is not a proper determination for the court of appeals.

In *Ryan* the supreme court discussed the right to contract between insured and insurer and indicated that public policy did not foreclose the exclusion. The court decided that case without the benefit of the *Anderson* decision, however, and we are uncertain of the effect of that decision should the supreme court consider the question anew. The court did footnote *Anderson* in *Ryan,* however, and we conclude that in so choosing to address the public policy issue, it is more likely the court was indicating that the freedom of contract weighed most heavily in the balance. Accordingly, we conclude that the trial court did not err on the question.

## V

The Manderfelds further contend that their insurance representative breached a duty to explain the presence of the household exclusion. We disagree.

At trial the parties contested whether the representative had acted as the agent of Minnesota Mutual. The evidence indicates that an agency relationship existed. The contract between Minnesota Mutual and the representative's company authorized the company not only to solicit applications from prospective clients, but also to issue temporary binders and to cancel or terminate policies at its own discretion.

Generally, the duty of an insurance agent is limited to the duty to act in good faith and to follow directions. *Gabrielson v. Warnemunde,* 443 N.W.2d 540, 543 (Minn.1989). Unless the parties have agreed to the contrary, an agent has no duty beyond what he has undertaken to perform for the insured. *Id.* If "special circumstances" are present in the agency relationship, however, the agent may be under a duty to take some affirmative action beyond merely following instructions. *Id.* at 543–44.

We affirm the trial court's conclusion that the representative owed no duty to explain the presence of the exclusion. The record indicates no evidence of special circumstances that would give rise to a duty to act affirmatively. The Manderfelds' previous policy had contained a household exclusion, and their decision to purchase the Minnesota Mutual policy appears to have been based on price. The Manderfelds have made no showing that the representative owed an affirmative duty.

## VI

The Manderfelds also maintain that the exclusion may not be enforced to preclude coverage for the injury because Gregory, as a minor, lacks the capacity to contract and cannot be said to have consented to the exclusion. We believe this argument is wide of the mark. The dispute here involves coverage of the tortfeasor, Mary Manderfeld. The injured claimant, Gregory, was not a party to the insurance contract. A party to the contract of insurance need not obtain consent from possible claimants when obtaining coverage. We therefore believe that the issue of consent does not arise in cases such as this. *See Merseth v. State Farm Fire & Casualty Co.*, 390 N.W.2d 16, 17–18 (Minn.App.1986) (child was "insured" and thus excluded from coverage), *pet. for rev. denied* (Minn. Aug. 13, 1986).

## DECISION

We hold that the household exclusion in this case was unambiguous, did not violate the insureds' reasonable expectations, and was not void for lack of consent of the claimant. Whether the exclusion violates public policy is a question more properly addressed by the supreme court or by the legislature. Finally, we hold that the insurance agent did not owe a duty to explain the exclusion in the policy to the insured.

Affirmed.