Jason VIERKANT, by Christine Marie JOHNSON, his Guardian Ad Litem, and Darlene Kaiser, Respondents (C5–95–1651),

Jason Vierkant, by Thomas Zupanc, his Guardian Ad Litem, and Darlene Kaiser, Appellants (C2-95-1901),

v.

AMCO INSURANCE COMPANY, Appellant (C5–95–1651), Respondent (C2–95–1901).

Nos. C5–95–1651, C2–95–1901.

Court of Appeals of Minnesota.

Feb. 6, 1996.

Review Denied March 28, 1996.

Richard P. Pearson, John T. Lund, Schmidt and Lund, St. Cloud, for Respondents (C5-95-1651).

Kevin S. Carpenter, Corrine L. Evenson, Quinlivan, Sherwood, Spellacy & Tarvestad, St. Cloud, for Appellant (C5-95-1651), Respondent (C2-95-1901).

Considered and decided by RANDALL, P.J., TOUSSAINT, C.J., and FORSBERG, J.

## OPINION

THOMAS G. FORSBERG, Judge.*

Respondents challenge the district court's decision that the insurer is not required to indemnify insureds for bodily injury claims raised by another insured. Appellant challenges the district court's decision requiring it to indemnify insureds for "loss of services" and "required care" claims made by a non-insured.

## FACTS

Jason Vierkant (age four) and his half-brother, Darren Kaiser (age seven), resided part-time with their mother, Darlene Kaiser, and part-time with Jason's father, Kevin Vierkant. Kevin Vierkant is not related to Darren Kaiser.

On July 1, 1991, the boys were in Kevin's care. That day, Kevin took the boys to his parents' home. Jason was injured there when he came in contact with a riding lawn mower operated by Darren. Darlene Kaiser and Jason Vierkant (respondents) claimed that Jason was injured either because of Kevin's or Darren's negligence. Respondents settled a separate claim against Kevin's parents.

Kevin and Darren tendered their defense to Kevin's homeowner's insurer, AMCO Insurance Company (appellant). The homeowner's policy contains a household exclusion that excludes coverage for "bodily injury to you or an insured * * * ." The policy defines "insured" as

3. * * * you and residents of your household who are:

a. your relatives; or

b. other persons under the age of 21 and in the care of any person named above.

The policy also contains a severability clause which states "This insurance applies separately to each insured."

Appellant denied coverage on the basis of the household exclusion. Respondents then settled with Kevin and Darren in a *Miller v. Shugart* agreement. Respondents brought a declaratory judgment action against appellant to recover insurance benefits for Jason's bodily injury, Darlene's loss of Jason's services, and medical expenses.

Both parties moved for summary judgment. The district court held:

### I.

[Insurer] owes Darren Kaiser and Kevin Vierkant an indemnification for claims made by Darlene Kaiser.

### II.

[Insurer] has no duty to defend or indemnify Kevin Vierkant or Darren Kaiser for claims made by Jason Vierkant for his injury on July 1, 1991.

## ISSUES

1. Did the district court err in determining insurer had no duty to defend or indemnify the named insured or an additional insured for bodily injury claims made by another insured?

2. Did the district court err in determining insurer had a duty to indemnify the named insured and an additional insured for "required care" and "loss of services" claims made by a non-insured?

## ANALYSIS

■ On appeal from summary judgment,

we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see Admiral Merchants Motor Freight v. O'Connor & Hannan,* 494 N.W.2d 261, 265 (Minn.1992). The extent of coverage under an insurance contract is a question

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

of law. *Caspersen v. Webber*, 298 Minn. 93, 98, 213 N.W.2d 327, 330 (1973). A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Therefore, interpretation of the policy is subject to a de novo standard of review. *National Family Ins. v. Bunton*, 509 N.W.2d 565, 567 (Minn. App.1993).

## I.

We first address whether the insurer owed a duty to defend and indemnify the named insured, Kevin Vierkant. We address the additional insured, Darren Kaiser, separately.

### A. *Kevin Vierkant*

The "household exclusion" within Kevin Vierkant's homeowner's insurance policy excludes coverage for bodily injury to an insured. The district court concluded that the household exclusion precludes coverage for claims made for Jason Vierkant's injury because Jason Vierkant is an "insured" as defined by the policy: he is both a resident of Kevin Vierkant's household and a relative.

Respondents urge this court to remove the exclusion from the insurance contract because (1) it constitutes an unconscionable contract of adhesion, (2) it contradicts the insured's reasonable expectations, and (3) it contravenes public policy.

#### (1) *Unconscionable Contract of Adhesion*

■ Respondents argue the household exclusion creates an unconscionable contract of adhesion because it appears impossible to purchase an insurance policy without the exclusion and because no reasonable person would bargain for the exclusion, given that most children are injured in the home. We disagree.

A contract of adhesion is one

drafted unilaterally by the business enterprise and forced upon an unwilling and often unknowing public for services that cannot readily be obtained elsewhere.

*Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 924 (Minn.1982). Insurance contracts are contracts of adhesion between parties not equally situated. *Canadian Universal Ins. Co. v. Fire Watch, Inc.*, 258 N.W.2d 570, 574–75 (Minn.1977); *Samuelson v. Farm Bureau Mut. Ins. Co.*, 446 N.W.2d 428, 431 (Minn. App.1989), *review denied* (Minn. Nov. 22, 1989). Therefore, "[e]xclusions must be prominently placed and clearly phrased." *Samuelson*, 446 N.W.2d at 431.

■ Because not all contracts of adhesion are unenforceable, we must determine whether this particular contract is unconscionable.

A contract is unconscionable if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other."

*In re Estate of Hoffbeck*, 415 N.W.2d 447, 449 (Minn.App.1987) (quoting *Hume v. United States*, 132 U.S. 406, 411, 10 S.Ct. 134, 136, 33 L.Ed. 393 (1889)), *review denied* (Minn. Jan. 28, 1988).

If given a choice, persons shopping for homeowners' insurance would probably not choose to have a household exclusion. Nevertheless, household exclusions are standard in the industry. The household exclusion in the AMCO policy is prominently placed and clearly expressed. More important for our review, neither the legislature nor the supreme court has determined household exclusions to be unconscionable. Therefore, we hold the AMCO insurance policy does not rise to the level of an unconscionable contract of adhesion.

#### (2) *Reasonable Expectations*

Respondents argue the exclusion is unenforceable because it contradicts the insured's reasonable expectations. We disagree.

The result of the lack of insurance expertise on the part of insureds * * * is that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations."

*Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 277 (Minn.1985) (quoting Robert E. Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv. L.Rev. 961, 967 (1970)).

 The household exclusion does not violate the insured's reasonable expectations when it is neither ambiguous nor hidden and when the insured can "read the policy and understand the exclusion provision without the need for 'painstaking study'." *Minnesota Mut. Fire & Casualty Ins. Co. v. Manderfeld*, 482 N.W.2d 521, 525 (Minn.App.1992), *review denied in part and dismissed in part* (Minn. June 10, 1992). *Manderfeld* notes the "counterintuitive" nature of the household exclusion and questions whether lay people generally contemplate such an exclusion when they purchase insurance. However, such concerns are more closely related to a public policy argument than a reasonable expectations argument. *See id.* (characterizing an argument similar to respondents' argument as a public policy argument).

The exclusion section in the AMCO homeowner's policy is clear. It is not hidden or ambiguous. Furthermore, there is no evidence that Kevin Vierkant could not read the policy. While the concerns expressed by this court in *Manderfeld* are still relevant, they do not require reversal in this case.

### (3) *Public Policy*

 Respondents argue the exclusion is unenforceable because it contravenes public policy. We disagree.

While we have stated that certain household exclusions can frustrate the public policy of compensating persons injured by family members, *Manderfeld*, 482 N.W.2d at 526, the supreme court has held such exclusions are valid because they do not deny coverage required by law and do not contravene applicable statutes. *American Family Ins. Co. v. Ryan*, 330 N.W.2d 113, 115–16 (Minn.1983).

The controlling statutes and administrative regulations do not mandate coverage for injured, insured residents nor prohibit household exclusions. *See* Minn.Stat. §§ 60A.06, 65A.27–.29 (1990). Accordingly, the household exclusion in the present case is valid.

We affirm the district court's conclusion that appellant need not defend or indemnify respondents for bodily injury claims raised by Jason Vierkant.

### B. *Darren Kaiser*

Respondents make a separate argument that appellant must indemnify Darren Kaiser for claims made by Jason Vierkant because (1) it is ambiguous whether Darren is a resident of Kevin Vierkant's household, and (2) Darren's coverage is not excluded when the exclusion is read in light of the severability clause.

### (1) *Ambiguous Terms*

 Exclusions are interpreted strictly against the insurer. *Hennings v. State Farm Fire & Casualty Co.*, 438 N.W.2d 680, 683 (Minn.App.1989), *review denied* (Minn. June 9, 1989). Ambiguous terms are also strictly construed against the insurer. *American Nat'l Fire Ins. Co. v. Estate of Fournelle*, 472 N.W.2d 292, 294 (Minn.1991). Relying on these well-settled principles, respondents argue the household exclusion should not apply to Darren because it is ambiguous whether he is a resident of Kevin Vierkant's household.

 Respondents' argument is completely irrelevant. The household exclusion precludes insurance coverage for injuries sustained by a resident of Kevin's household, *i.e.*, an insured. Therefore, the only relevant question is whether the injured party was a resident of the household, not whether the person who caused the injury was a resident of the household.

### (2) *Severability Clause*

 Respondents argue Darren's coverage is not excluded in light of the severability clause. Severability clauses demand that policy exclusions be construed only with reference to the particular insured seeking coverage. *Fournelle*, 472 N.W.2d at 294.

In *Fournelle*, a father murdered his two sons who were living with their mother, his former wife. *Id.* at 293. The father and mother were both named insureds under the homeowner's policy covering the father's res-

idence. *Id.* The insurer argued the household exclusion precluded coverage because the children resided with a named insured. *Id.* at 293–94.

However, the supreme court held in favor of the trustee who argued:

> [T]he severability clause demands that the exclusion be read in reference to [the father] because he alone seeks protection under the policy. Since the children were residents of the mother's household and not [the father's], * * * the policy provides coverage.

*Id.* at 294.

In this case, the AMCO policy excludes coverage for injuries sustained by an insured. An insured is defined as

> you and residents of your household who are:
>
> a. your relatives; or
>
> b. other persons under the age of 21 and in the care of any person named above.

Respondents appear to argue that Darren should be afforded coverage because the exclusion does not apply when read in reference to Darren alone because Jason is not a resident of *Darren's* household. This argument suggests that because Darren did not own the home, it was not his household. We reject this argument.

■ To determine whether a person is a "resident of an insured household" for purposes of insurance, we consider three factors: first, whether the person and the insured live under the same roof; second, whether they are living in a close, intimate, and informal relationship; and third, whether the intended duration of the living arrangement is likely to be substantial. *Firemen's Ins. Co. of Newark, N.J. v. Viktora,* 318 N.W.2d 704, 706 (Minn.1982) (citing *Pamperin v. Milwaukee Mut. Ins.,* 55 Wis.2d 27, 197 N.W.2d 783, 788 (1972)). Additionally, the term "household" is synonymous with "family," including people who live together as a family in the same house. *Id.* at 707.

■ Thus, the household exclusion precludes coverage even when applied separately to Darren because Darren and Jason were residents of the same household, they were related, and Jason was in the care of Kevin, a person named above. The definition of "insured" does not necessitate that the person seeking coverage be the head of the household or own the home.

Therefore, we affirm the district court's conclusion that appellant need not defend or indemnify Darren Kaiser for bodily injury claims made by Jason Vierkant.

## II.

The district court held that appellant had to indemnify respondents for claims made by Darlene Kaiser, a non-insured. The district court based its decision on its finding that Darlene Kaiser's claims for "required care" and "loss of services" were separate and not derivative of Jason Vierkant's bodily injury. We reverse, holding that Darlene Kaiser's claims are derivative.

■ "Derivative" is defined in part as "[t]hat which has not its origin in itself, but owes its existence to something foregoing." *Black's Law Dictionary* 399 (5th ed. 1979). Typically, a claim for loss of services, *i.e.,* loss of consortium, is characterized as a derivative claim. *See Carlson v. Mutual Serv. Ins.,* 494 N.W.2d 885, 887 (Minn.1993) (pointing to loss of consortium as an example of a derivative claim); *ABC v. Archdiocese of St. Paul & Minneapolis,* 513 N.W.2d 482, 487 (Minn.App.1994) (describing a loss of consortium claim as derivative). Furthermore, this court, as well as other jurisdictions, has held that loss of consortium does not constitute a bodily injury. *Sicoli v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 300, 302–03 (Minn.App.1990). We reject respondents' argument that Darlene's claims are not derivative of Jason's bodily injury. We hold required care and loss of services do not constitute separate claims in this case, even though they are listed as separate bodily injuries within the coverage section of the policy, because they would not exist but for an insured's bodily injury.

## DECISION

The district court properly granted AMCO's motion for summary judgment against Kevin Vierkant and Darren Kaiser

on the bodily injury claim made by Jason Vierkant. The district court erred by granting respondents' motion for summary judgment against AMCO on required care and loss of services claims made by Darlene Kaiser.

**Affirmed in part and reversed in part.**