Mark McCLELLAN and Kathy
McClellan, Appellants,

v.

Carolyn KARAGHEUSIAN, d.b.a. The
Area Rug Store, Respondent.

No. C4–84–1628.

Court of Appeals of Minnesota.

Feb. 26, 1985.

Mark McClellan and Kathy McClellan,
pro se.

Carolyn Karagheusian, d.b.a. The Area
Rug Store, pro se.

Considered and decided by POPOVICH,
C.J., and NIERENGARTEN and RAN-
DALL, JJ., without oral argument.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

The McClellans purchased a rug from
Carolyn Karagheusian who owns a store
named "The Area Rug Store." The
McClellans purchased the rug in June. At
that time they were assured by the seller
that the rug was of high quality. In De-
cember, they noticed that when the snow
was tracked onto the rug, the different
dyes in the rug bled together. Since they
had purchased the rug specifically because
its colors went with their living room, they
now determined it was worthless. They
returned the rug to the seller and asked for
a complete refund.

After failing to obtain a satisfactory set-
tlement with the seller, the McClellans
sued in Hennepin County Conciliation
Court and received a judgment for the pur-
chase price in full ($530.00) plus costs. The
seller appealed to Hennepin County Munici-
pal Court for a trial de novo. After this
trial, the judge ordered a refund in their
favor of $400 apparently based on the be-
lief that the rug in its imperfect condition
still had some residual value. Judgment
was entered in the amount of $400 against
seller, and that judgment was paid. The
appellants did not appeal from the judg-
ment, but appealed from the Findings of

Fact, Conclusions of Law and Order for Judgment.

## DECISION

Appellants appeal from Findings of Fact, Conclusions of Law and Order for Judgment dated August 14, 1984.

An order for judgment is a nonappealable order. *Setter v. Mauritz*, 351 N.W.2d 396 (Minn.Ct.App.1984); Comment, Rule 103.03, Minn.R.Civ.App.P. Even if we reached the merits of the case we would find that the trial judge as factfinder was entitled to make his own determination of credibility as to the testimony on value. These findings may not be overturned unless they are clearly erroneous. *City of Minnetonka v. Carlson*, 298 N.W.2d 763 (Minn.1980). It was not "clearly erroneous" for the trial court to conclude the fair measure of damages was $400. The appeal is dismissed.

Dismissed.