**AUTO–OWNERS INSURANCE COMPANY, Respondent,**

v.

**Joshua HARRIS, a minor, by his father and natural guardian, Scott HARRIS, and Scott Harris and Janice Harris, individually, Appellants,**

**Ronald Doyle, et al., Defendants.**

**No. C6–85–264.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

Terrance W. Votel, Richard S. Stempel, Reding & Votel, St. Paul, for respondent.

Barry Blomquist, Jr., Blomquist & Espeset, Minneapolis, for appellants.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

In this declaratory judgment action the trial court found that Ronald Doyle was not a resident of his parents' household at the time Doyle's dog bit Joshua Harris. Consequently, the court concluded that Doyle was not an insured person under his parents' homeowner's policy and that the insurer had no duty to defend or indemnify him. The Harrises appeal.

## FACTS

On September 19, 1982, Ronald Doyle and his daughter Shannon were visiting the home of Doyle's girlfriend in Vadnais Heights, Minnesota. While Shannon was walking Doyle's dog, a Labrador-husky mix named Zeke, the dog bit Joshua Harris, the appellants' four-year-old child.

Ronald Doyle's parents, Warren and Alice Doyle of St. Paul, were insured under a homeowner's policy issued by Auto-Owners Insurance Co. The policy covered "insured persons" whose activities caused bodily injury to another, and it defined an "insured person" as

(a) [the policy owner]

(b) [the policy owner's] relatives residing in [the policy owner's] household.

The Harrises brought suit against Ronald Doyle, and Auto-Owners brought this declaratory judgment action to determine whether Doyle was covered by his parents' policy. The action was tried to the court.

Evidence at trial showed that Ronald Doyle was 45 years old and had been married and divorced three times at the time his dog bit Joshua Harris. In 1981 he purchased a home, which he lost in early 1982 because of financial difficulties. Doyle then moved to Hastings, Minnesota, and lived with a friend until late August 1982.

The evidence regarding Doyle's domicile from late August 1982 until November 1982 conflicted. Alice Doyle testified that her son did not begin living at her home until November 1982. Ronald Doyle testified that, at the time of the dog bite, he did not think he was living anywhere, and that he was operating out of his car or wherever he could stay. He also testified that he stayed with his parents regularly after August 1982. After being divorced in 1977 he began using his parents' address as his mailing address; his driver's license listed his parents' address; and he listed his parents' address as his own for traffic tickets, hunting licenses, and motor vehicle registration. Ronald Doyle further testified that he moved into his parents' home in November 1982 and at that time moved most of his belongings in with him.

There was more conflicting testimony concerning whether or not Ronald Doyle slept overnight at his parents' home in the year preceding the dog bite, and if he did sleep there, how often he did so. Ronald Doyle estimated that he stayed there four or five nights in the year before the dog bite. Alice Doyle testified that he never stayed overnight at her home until after November 1982, when all parties agree that Doyle moved into his parents' home for an extended stay. Opposing counsel attempted to impeach Alice Doyle with her deposition testimony, in which she stated that Ronald Doyle and Shannon had frequently stayed overnight on Saturdays during 1982.

Shannon Doyle testified by deposition that she and her father had stayed overnight at his parents' home in the year before the dog bite, but that they had also stayed overnight in other locations during the same period. She testified that these overnight visits only took place on Saturday nights when her father had visitation with her.

The trial court found that on September 19, 1982, Ronald Doyle did not reside in his parents' household and concluded that Doyle was not an insured under the policy. The court made specific findings on credibility and relied on Alice Doyle's "emphatic, positive, and certain" testimony that her son did not move in until November 1982. The court's memorandum states that Ronald Doyle's testimony

was weak and he vacillated so that nothing positive was stated by him as to his residence at [his parents' home]. It seemed that the testimony and the credibility of the witnesses, the impressions created by them, could only reach one conclusion, and that is that Ronald was not a resident at [that] address * * *.

Neither party moved for amended findings or a new trial.

## ISSUE

Does the evidence support the trial court's finding that Ronald Doyle did not reside in his parents' household?

## ANALYSIS

Whether a relative of an insured was residing in the insured's household at the time of an incident is essentially a fact question. *Fruchtman v. State Farm Mutual Automobile Insurance Co.*, 274 Minn. 54, 55, 142 N.W.2d 299, 300 (1966). When no motion for a new trial is made, the scope of review by an appellate court is limited to whether the evidence sustains the findings of fact and whether the findings of fact sustain the conclusions of law. *Johnsrud v. Tri-State Sales, Inc.*, 353 N.W.2d 255, 257 (Minn.Ct.App.1984). As applied to a trial court sitting without a jury, this scope of review requires that the findings of fact may not be overturned on appeal unless clearly erroneous. *McClellan v. Karagheusian*, 363 N.W.2d 354, 355 (Minn.Ct. App.1985).

Appellants contend that Alice Doyle was impeached with her deposition testimony and that any reliance by the trial court on her trial testimony was improper. At trial she explained the conflicting testimony as the result of her confusion and inability to understand leading questions on cross-examination. In determinations dependent on oral testimony, this court must defer to the trial court's assessment of the credibility of the witnesses and the weight to be given their testimony. *Fontaine v. Hoffman*, 359 N.W.2d 692, 694 (Minn.Ct. App.1984). We cannot say that the trial court's reliance on any of the testimony in this case was improper.

Additionally, none of the cases cited by appellants compel a finding that Doyle resided in his parents' household on the date in question. In *Fruchtman* a 27-year-old self-supporting son who visited his parents for a few weeks between military assignments was held not to be residing in their household; in *Rosenberger v. American Family Mutual Insurance Co.*, 309 N.W.2d 305, 309 (Minn.1981), a 19-year-old dependent daughter staying at her parents' home for two months was held to be a resident of their household; and in *Firemen's Insurance Co. of Newark, New Jersey v. Viktora*, 318 N.W.2d 704 (Minn. 1982), a 24-year-old son staying in his parents' home for four months during a labor strike was held to be a resident of the household. In each of the cases finding coverage, the relatives in question actually maintained a continuous, significant presence in the parents' home before the date of the incident litigated. In short, for at least some significant time prior to the date in question, the relatives in the above cases dwelt "together as a family under the same roof." *Viktora*, 318 N.W.2d at 707 (quoting *Van Overbeke v. State Farm Mutual Automobile Insurance Co.*, 303 Minn. 387, 392, 227 N.W.2d 807, 810 (1975)).

In this case, the evidence is clear that Ronald Doyle was not maintaining a continuous, significant presence at his parents' home before the date of the dog bite. Although the testimony conflicted as to where exactly he was living at that time, conflicts in testimony are for the trial court to resolve. *See, e.g., Rosenberger v. American Family Mutual Insurance Co.*, 309 N.W.2d at 309. The evidence in the record supports the trial court's findings, and we are not left with the "definite and firm conviction" that a mistake has been made. *See T.P.B. Properties v. Coldwell, Banker & Co.*, 354 N.W.2d 102, 105 (Minn.Ct.App. 1984).

## DECISION

The evidence is sufficient to support the trial court's determination that Ronald

Doyle was not residing in his parents' household on September 19, 1982. Ronald Doyle is therefore not an insured person under the homeowner's policy, and respondent has no duty to defend or indemnify him as a result of the dog bite.

Affirmed.