Michael PARK, Appellant,

v.

## GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

### No. C5–86–931.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Review Denied Feb. 13, 1987.

Tyrone P. Bujold and Terrence E. Bishop, Minneapolis, for appellant.

Stephen G. Andersen, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Michael Park appeals a declaratory judgment that he was not entitled to uninsured motorist benefits under his foster father's insurance policy. The trial court ruled Park was not a relative, a requirement under the policy. We affirm.

## FACTS

On August 4, 1983, appellant Michael Park suffered serious injuries when his motorcycle broadsided an uninsured pickup truck which had turned into Park's path. Although Park carried no uninsured motorist coverage on his motorcycle, appellant's foster father James Bujold had a Government Employees Insurance Company (GEICO) "Family Automobile Policy" which was intended to cover Michael Park. Bujolds' policy included uninsured motorist coverage. Michael Park was also claimed by Bujold in a GEICO insurance questionnaire as an underage driver under the family's automobile insurance policy.

Since 1975, following their mother's death, Michael Park and his sister have lived with the Bujolds and have a parent-child relationship with them.

Respondent GEICO denies any liability to Park since uninsured motorist coverage under the Bujold policy is limited to "resident relatives." As a foster child, Park cannot qualify for policy coverage if relative means a familial tie of "blood, adoption or marriage."

## ISSUE

Can Michael Park be considered a resident relative under the Bujold's family automobile policy and hence entitled to uninsured motorist coverage?

## ANALYSIS

Because no motion for a new trial was made, "the scope of review * * * is limited to whether the evidence sustains the findings of fact and whether the findings of fact sustain the conclusions of law." *Auto-Owners Insurance Co. v. Harris,* 374 N.W.2d 795, 797 (Minn.Ct.App.1985). The findings of fact will be upheld unless clearly erroneous. *Id.* The trial court found that while Michael Park has lived in a family relationship with the Bujolds since the age of 12, he could not be included in the policy's definition of relative—"one who is related by blood or marriage or adoption." The trial court did not address the residency question.

The definition of relative ultimately depends on statute, policy language and judicial interpretation. Minn.Stat. § 65B.43 (1984) provides insurance definitions.

"Insured" means an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71, including the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security complying with sections 65B.41 to 65B.71 as an insured:

(1) a spouse,

(2) other relative of the named insured or

(3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured.

A person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere.

Minn.Stat. § 65B.43, subd. 5. The statute provides no definition of "relative."

Under the GEICO policy issued to the Bujold family for purposes of uninsured motorist coverage, an insured under the policy can be

(a) the individual named in the declarations and his or her spouse if a resident of the same household;

(b) *relatives* of (a) above if residents of his household;

(c) any other person while *occupying* an *insured* auto;

(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured,* our limits of liability will not be increased.

(Emphasis in original.) Relative is also defined in the first policy section, "Liability Coverages," as "a person related to *you* who resides in *your* household." (Emphasis in original.) GEICO also provides a special addendum to Minnesota policies dealing with personal injury protection.

> "[R]elative" means your spouse and any person related to *you* by blood, marriage or adoption if a resident of *your* household even though he is temporarily living elsewhere. Relative includes a minor in the custody of *you, your* spouse or any related person if a resident of *your* household even though he is temporarily living elsewhere.

(Emphasis in original.)

Although the personal injury definition cannot be applied to an uninsured motorist coverage question, appellant claims the two policy definitions of "relative" clash and create ambiguity; ambiguity properly resolved in appellant's favor. *Rusthoven v. Commercial Standard Insurance Co.,* 387 N.W.2d 642, 645 (Minn.1986).

We find no ambiguity. Both policy definitions require "relatedness." The court cannot rewrite the policy and delete the common meaning of relative in order to benefit Michael Park. *See Kaysen v. Federal Insurance Co.,* 268 N.W.2d 920, 924 (Minn.1978).

As expressed in *Mickelson v. American Family Mutual Insurance Co.,* 329 N.W.2d 814, 816 (Minn.1983), relative possesses a "common usage and generally accepted meaning."

> "[R]elative" means one connected by blood or marriage. The plain meaning of the term does not permit construction to include those who * * * are unrelated to the named insured although they live in the same household, commingle their incomes, and share expenses.

*Id.*

In *Allstate Insurance Co. v. Tate,* 389 N.W.2d 512 (Minn.Ct.App.1986), this court addressed a nearly identical question. There, an adult foster child, Randall, was involved in a car accident and sought coverage under Tate's policy. Tate was Randall's foster mother. Randall resided with Tate at the time of the accident. The trial court decided Randall, having reached the age of majority, could no longer be considered a foster child and was therefore not a "resident relative" under statute, the policy or case law. This court agreed.

> [A]n adult who was formerly a foster child is not a relative under Allstate's policy or Minnesota Statutes. He is not a minor in the custody of Tate, under Minn.Stat. § 65B.43, subd. 5. Nor is he related by blood, marriage or adoption * * *. We recognize that a natural adult child would be covered here, and that Tate and Randall had a parent-child relationship evidenced by his continued residence with her long after his age of majority. Current law, however, does not provide for his coverage.

*Id.* at 514.

Foster children past the age of majority in situations comparable to that of Michael Park must be protected by separate insurance contracts. The reformation of insurance policy definitions remains the prerogative of the legislature.

Appellant suggests the doctrine of "reasonable expectations" as justification for the payment of benefits. The doctrine basically enforces the reasonable expectations of the insured when a hidden exclusion exists in the policy. Decisions utilizing the doctrine typically focus on

> the reasonable expectations of the insured and the unconscionability of the clause itself or as applied to the facts of a specific case.

*Atwater Creamery Co. v. Western National Mutual Insurance Co.,* 366 N.W.2d 271, 276 (Minn.1985) (citing Keeton, *Insurance Law Rights at Variance with Policy Pro-*

*visions,* 83 Harv.L.Rev. 961 (1970)). This court has limited the doctrine's use to the *Atwater* facts in *Merseth v. State Farm Fire and Casualty Co.,* 390 N.W.2d 16, 18 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986).

Since Michael Park cannot be included within the policy's definition of "relative," we need not address the question of residency under the policy.

### DECISION

The trial did not err by ruling that a foster son over the age of 18 was not included in the scope of his foster family's automobile insurance coverage for uninsured benefits since protection was limited to "resident relatives." Michael Park could not qualify as a "resident relative" because he was not related to the Bujold family by "blood, marriage or adoption."

Affirmed.