**Jason MARSCHALL, a minor by his parents and natural guardians, Roy and Danita MARSCHALL, Respondents,**

v.

**REINSURANCE ASSOCIATION OF MINNESOTA, et al., Appellants.**

**No. CX–89–1149.**

Court of Appeals of Minnesota.

Nov. 7, 1989.

Trevor R. Walsten, Krass & Monroe Chartered, Shakopee, for respondents.

Kay Nord Hunt, Thomas D. Jensen, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellants.

* Acting as judge of the Court of Appeals by ap-

Heard, considered and decided by CRIPPEN, P.J., and NORTON and LOMMEN *, JJ.

CRIPPEN, Judge.

Respondents Marschalls brought a declaratory judgment action seeking a determination of liability coverage notwithstanding the resident relative exclusion in an insurance policy issued by appellants Reinsurance Association of Minnesota and Kelso Farmers Mutual Fire Insurance Company. We reverse the conclusion that coverage was available to respondents under the policy.

## FACTS

Roy and Danita Marschall are the parents of Jason Marschall. On June 28, 1985, Jason, then 10 years old, was helping his father's farm employee, Daniel Hennen, repair a piece of machinery on Jason's parents' farm. Jason was seriously injured.

Appellants had issued a farm multi-peril insurance policy to Roy Marschall. At the time of the accident, Jason was a resident of his father's household. Hennen, performing duties as a farm employee, was also an insured. Following the accident, Roy Marschall claimed coverage for Jason's injury under the farm liability provisions of appellants' policy. Appellants contended the following provision of the policy excluded coverage:

a. This coverage does not apply to liability, or bodily injury to you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives.

The trial court determined the exclusion was ambiguous and that coverage was available to Jason Marschall under the policy.

## ISSUE

Did the household exclusion in appellants' policy exclude coverage for the injuries sustained by Jason Marschall?

pointment pursuant to Minn.Const. art. VI, § 2.

## ANALYSIS

■ Whether the language of an insurance policy is ambiguous is a question of law. *Columbia Heights Motors, Inc. v. Allstate Insurance Co.*, 275 N.W.2d 32, 34 (Minn.1979). An insurance policy is ambiguous if the language of the policy is reasonably subject to more than one interpretation. *Id.* (citing *ICC Leasing Corp. v. Midwestern Machinery Co.*, 257 N.W.2d 551, 554 (Minn.1977)).

Here, the exclusionary clause unambiguously eliminates coverage for certain complainants, including resident relatives of the named insured. Jason Marschall is a resident relative of the named insured.

■ The trial court concluded that use of the word "care" in the exclusion, without a definition of the term in the policy, created an ambiguity. We disagree. The exclusion precludes coverage for three classes of claimants: first, the named insured; second, relative residents of the named insured's household; and third, any other person under the age of 21 in the care of the named insured or in the care of the named insured's resident relatives. Jason Marschall is a resident relative of a named insured and is a member of the second category of excluded claimants. This category is set off from others by commas, and it is unaffected by words limiting the third category. We also note that the exclusion is singularly in reference to categories of claimants, and it is irrelevant that the injury to a resident relative was caused by a person defined as an insured under the terms of the policy.

Respondents argue this court should apply the doctrine of reasonable expectations. There is no precedent for applying this doctrine where a prominent policy term excludes coverage and there is no other evidence the insured was misled. *See generally Park v. Government Employees Insurance Co.*, 396 N.W.2d 900 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987); *Merseth by Merseth v. State Farm Fire and Casualty Co.*, 390 N.W.2d 16 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986).

## DECISION

The trial court erred in finding the resident relative exclusion ambiguous. There is no coverage for the injuries sustained.

Reversed.