EDWARD J. McCARTHY et al., Respondents, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.

Plaintiffs acknowledge that the insured property was vacant or unoccupied for longer than 60 consecutive days but argue that because the property was "in the course of repair and reconstruction" and was "properly secured against unauthorized entry" at the time of the fire, the exclusion does not apply. Defendant argues that the exclusionary language applies because the insured property is not described *in the policy* "as being in the course of construction or repair and reconstruction".

An exclusion from policy coverage must be specific and clear in order to be enforced; the exclusion must be set forth " 'in clear and unmistakable' language" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). The burden is on the insurer to demonstrate that the exclusion applies in the particular case and that the policy language relied upon by the insurer in support of the exclusion is "subject to no other reasonable interpretation" *(Seaboard Sur. Co. v Gillette Co., supra,* at 311). Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and we affirm.

Here, plaintiffs' interpretation of the exclusionary language is not unreasonable. The policy does not define the term "described", nor does it specify whose description governs or at what point in time the description must be made. Thus defendant has not met its heavy burden of demonstrating that the exclusion applies to this fire loss *(see, Seaboard Sur. Co. v Gillette Co., supra,* at 311). There is no doubt, however, that the exclusion will apply if the property was not "in the course of construction or repair and reconstruction" or was not "properly secured against unauthorized entry" at the time of the fire. Supreme Court found that those issues should be resolved at trial, and we note that plaintiffs have not appealed from the denial of their motion for summary judgment. (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—summary judgment.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.