■ UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, Appellant-Respondent, v JOANNE A. GOZDZIAK, Individually and as Parent and Natural Guardian of RICHARD M. GOZDZIAK, an Infant, Respondent, and RONALD J. GOZDZIAK et al., Appellants-Respondents. [604 NYS2d 371] —Judgment modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiff insurer brought this action seeking a declaration that it has no duty to defend or indemnify its insureds, who are defendants in an underlying action. The underlying action was brought on behalf of an infant, Richard Gozdziak, to recover for injuries sustained in a fireworks accident. The accident occurred while Richard, whose parents are divorced and whose mother has physical custody of him, was making an overnight visit to the home of his late grandmother, where his father and uncle lived. The underlying action was commenced against Richard's father, his uncle and his grandmother's estate, all of whom are insureds under the policy issued by plaintiff.

Plaintiff's duty to defend and indemnify hinges on the interpretation of Coverage L of the policy, which excludes coverage for "bodily injury to you [meaning the policyholder], and if residents of your household, your relatives, and persons under the age of 21 in your care or in the care of your resident relatives". The issue is whether the residency condition of the exclusion applies not only to the insured's "relatives", but also to those "persons under the age of 21" in the care of the policyholder or his resident relatives.

We conclude that the policy unambiguously excludes coverage in the circumstances presented. The exclusion sets forth three distinct classes of individuals, injury to whom is not covered: the policyholder; the policyholder's resident relatives; and minors in the care of the policyholder or his resident relatives, irrespective of the minors' residence. That construction is supported by the placement of the final comma in the exclusion; that comma would be unnecessary if the interpreta-

tion advanced by defendants had been intended. That interpretation is further supported by the language and structure of the parallel policy provision defining an "insured". The policy eschews any residency requirement in defining an insured to include "persons under the age of 21 in your care or in the care of your resident relatives". The policy exclusion should be read the same way, given the apparent intent to define covered injured persons and covered defendants (insureds) in mutually exclusive fashion.

We modify the judgment appealed from to deny defendants summary judgment and to grant plaintiff summary judgment declaring that it has no duty to defend and indemnify its insureds in the underlying action. We affirm so much of the judgment as denied defendants costs and attorney's fees.

All concur except Callahan, J., who dissents in part in the following Memorandum.

Callahan, J. (dissenting in part). I agree with Supreme Court that the language of the exclusionary clause is ambiguous. "[W]here the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy" *(Little v Blue Cross,* 72 AD2d 200, 203). When an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311; *McCarthy v New York Prop. Ins. Underwriting Assn.,* 158 AD2d 961, 962; *Suba v State Farm Fire & Cas. Co.,* 114 AD2d 280, 282, *lv denied* 67 NY2d 610).

The exclusionary clause herein provides that coverage "does not apply to: 1. bodily injury to you, and *if residents of your household,* your relatives, and persons under the age of 21 in your care or in the care of your resident relatives" (emphasis added). It is unclear, however, whether the phrase, "and if residents of your household", which is set off by commas, is intended to modify the phrases, "persons under the age of 21 in your care", or just "relatives". Thus, the terms of the exclusionary clause are at least ambiguous, and that ambiguity should be resolved in favor of the policyholder and against the insurer *(see, Paychex, Inc. v Covenant Ins. Co.,* 156 AD2d 936). Because the injured infant was not a resident of the covered premises, he was not within the exclusion. (Appeals from Judgment of Supreme Court, Erie County, Wolf, Jr., J.—Declaratory Judgment.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.