REINSURANCE ASSOCIATION OF MINNESOTA, Respondent,

v.

Ralph Edward HANKS, Appellant,

Brenda Bauman, individually and as mother and natural guardian of Crystal Hanks, Appellant.

No. C3–94–990.

Court of Appeals of Minnesota.

Jan. 24, 1995.

Review Granted March 29, 1995.

Steven R. Schwegman, Molly J. Wingate, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

John P. Clifford, Meshbesher & Spence, Ltd., Minneapolis, for Ralph Edward Hanks.

Perry A. Berg, Patton, Hoversten & Berg, P.A., Waseca, for Brenda Bauman.

Considered and decided by KLAPHAKE, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

LANSING, Judge.

This is a declaratory judgment action to determine whether a child is excluded from her non-custodial parent's liability coverage under a farm multi-peril policy. We reverse the judgment excluding the child from coverage because the policy language applied to the facts of this case results in an ambiguity that is resolved against the insurer.

## FACTS

Crystal Hanks was injured while mowing the lawn at her father's farm during scheduled visitation. She has lived with her mother, Brenda Bauman, since her parents divorced in 1984. Following the accident, Bauman, both individually and as Crystal Hanks's mother, filed a negligence suit against Hanks. Hanks sought liability coverage under his farm multi-peril policy underwritten by the Reinsurance Association of Minnesota (insurer) and tendered the defense to the insurer. The insurer accepted the defense under a reservation of rights and sought a declaratory judgment on whether the policy covered the suit.

The insurer moved for summary judgment, arguing that the policy excluded Crystal Hanks from coverage. Brenda Bauman made a cross motion for summary judgment arguing that Crystal Hanks was included within the definition of an insured. The district court denied both motions for summary judgment and the parties proceeded to trial.

The district court submitted two fact issues to the jury: whether Crystal Hanks was a resident relative of her father and whether she was in the care of her father when injured. The jury returned a special verdict finding that Crystal Hanks was not a resident relative of Hanks but that she was in his care at the time of the accident. The district court entered judgment declaring Crystal Hanks to be excluded from coverage under her father's liability coverage.

## ISSUE

Did the district court err by interpreting the policy to exclude Crystal Hanks?

## ANALYSIS

■ The interpretation of insurance contract language is a question of law which we review de novo. *Grossman v. American Family Mut. Ins. Co.*, 461 N.W.2d 489, 493 (Minn.App.1990) (citing *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn. 1978)). Bauman argues that the policy language listing exclusions to personal liability coverage is ambiguous and thus should not be construed to bar Crystal Hanks's suit against her father for personal injuries. The insurer, relying on this court's interpretation of an identical exclusion in *Marschall v. Reinsurance Ass'n of Minnesota*, 447 N.W.2d 460, 462 (Minn.App.1989), asserts that the language is not ambiguous and that *Marschall* is dispositive.

■ We reject the insurer's argument that *Marschall* is dispositive. Although *Marschall* interpreted the identical provision, it did so on different facts. The policy provision at issue denies liability coverage for bodily injury to

> **you** and, if residents of **your** household, **your** relatives, and any other person under the age of 21 in **your** care or in the care of **your** resident relatives.

The *Marschall* court found that the commas before "if" and after "relatives" created a second category of excluded claimants that is "unaffected by words limiting the third category." *Id.* Because *Marschall* involved a resident child of the named insured, that child was unambiguously excluded as a resident relative.

■ But the facts of this case involve a nonresident family member. The question on these facts is whether a relative who is not a resident fits into the categories of excluded claimants. Reading the language as it is punctuated in this section, the comma after "relatives" prevents the residency requirement from applying to the final category of other people under the age of 21 in the insured's care. This reading would appear to defeat the anti-collusion policy goal of household exclusions. *See* Martin J. McMahon, Annotation, *Validity, Under Insurance Statutes, of Coverage for Injury to or Death of Insured's Family or Household Members*, 52 A.L.R.4th 18, 24 (1987). Moreover, the punctuation introduces an ambiguity about whether the term "other" contrasts to relative or resident. This leads to the further ambiguity of whether nonresident relatives may constitute an exception to the exclusion. Without the comma, the exclusion achieves the purpose of household exclusions and clearly creates two categories of excluded household members, namely relatives and others.

The ambiguity about whether a nonresident relative is excluded by this policy is heightened when the punctuation of this provision is compared to the punctuation in the definition of "insured." This clause contains identical language but dissimilar punctuation to define the insured as

> **you** and, if residents of **your** household, **your** relatives and any other person under the age of 21 in **your** care or in the care of **your** resident relatives.

A plain reading of 'any relative and any dependent person in your care' refers to two distinct groups that are entitled to coverage, given residency in the household. *Allstate Ins. Co. v. Tomaszewski*, 447 N.W.2d 849, 850 (Mich.App.1989).

Although the complex language of the two policy provisions are identical, the contradictory use of the comma appears to reciprocally exclude coverage for nonresident relatives in both provisions. Insurance policies should be interpreted as a whole, *see Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn.1986), with a phrase in one part of a policy presumed to have the same meaning in another part absent language to the contrary. 2 Mark S. Rhodes, *Couch on Insurance*, § 15:13 (2d ed. rev. ed. 1984). The policy provisions create an internal inconsistency which disadvantages the policy holder and provides an undue advantage to the contract drafter. The policy, as it is written, requires courts to violate rules of interpreting exclusion language narrowly by forcing them to read the 29 words in the *inclusion* clause narrowly and the same 29 words in the *exclusion* clause broadly. *See Continental Cas. Co. v. Reed*, 306 F.Supp. 1072, 1076 (D.Minn. 1969) (policy words of inclusion should be

viewed broadly while words of exclusion should be considered narrowly).

█ The structure of the exclusion and the contradiction between the exclusion and the definition of "insured" result in an ambiguity that we construe against the insurer. Because the insurer chooses the language of the insurance policy, the court construes policy exclusions strictly against the insurer and in favor of the insured. *Safeco Ins. Co. v. Lindberg,* 380 N.W.2d 219, 222 (Minn.App. 1986), *aff'd* 394 N.W.2d 146 (Minn.1986). We thus read the exclusion narrowly and consistently with the underlying policy goal of household exclusions, finding that Crystal Hanks is not excluded from her father's liability coverage.

### DECISION

The district court erred when it construed the exclusion provision broadly and ruled that bodily injury to a person under 21 who was not a member of the household was excluded from liability coverage.

**Reversed.**