**REINSURANCE ASSOCIATION OF MINNESOTA, petitioner, Appellant,**

v.

**Ralph Edward HANKS, Respondent,**

**Brenda Bauman, individually and as mother and natural guardian of Crystal Hanks, Respondent.**

**No. C3–94–990.**

Supreme Court of Minnesota.

Nov. 22, 1995.

---

4. We have not had occasion to rule on the issue of a jail's duty to protect inmates from self-inflicted harm.

Mary Jo Wingate, Steven R. Schwegman, St. Cloud, for appellant.

John P. Clifford, Minneapolis, Perry A. Berg, Waseca, for respondent.

## OPINION

TOMLJANOVICH, Justice.

This appeal arises out of an accident that occurred on August 13, 1988 which injured Crystal Hanks, the minor daughter of respondents Ralph Hanks and Brenda Bauman who were divorced in 1984. Crystal lives with her mother. At the time of the accident, Crystal was visiting her father at his farm pursuant to court-ordered visitation. Appellant Reinsurance Association of Minnesota (RAM) insured Ralph Hanks under a farm multi-peril policy which included liability coverage. Ralph Hanks was the named insured.

Crystal Hanks, then nine years old, was severely injured on Ralph Hanks' farm. Crystal was mowing the lawn while her father, Ralph Hanks, was in the house. While mowing, Crystal pulled up next to a toy

wagon that was sitting in the grass. As she tried to move the wagon, Crystal pushed in the clutch and left the riding lawn mower in gear. Her foot slipped off the clutch and she fell off the mower which ran over her right foot. As a result, she lost her big toe, the toe next to it, and part of the ball of her foot.

Following the accident, Brenda Bauman, individually and as the mother and natural guardian of Crystal Hanks, commenced an action against Ralph Hanks for injuries and damages sustained by Brenda Bauman and Crystal Hanks as a result of the alleged negligence of Ralph Hanks. Ralph Hanks tendered defense of the tort action to RAM.

RAM agreed to defend Ralph Hanks under a reservation of rights and brought an action seeking a declaration that the above-described policy does not provide coverage for Ralph Hanks in connection with the suit of Brenda Bauman and Crystal Hanks, and that RAM has no obligation to defend Ralph Hanks.

RAM subsequently moved for summary judgment on the basis that the intra-family, bodily injury exclusion in the policy unambiguously precluded coverage for Ralph Hanks for this occurrence, and, therefore, RAM had no duty to defend. The exclusion provides as follows:

2. *Exclusions that Apply Only to Personal Liability*—This coverage does not apply to liability:

 a. for *bodily injury* to *you* and, if residents of *your* household, *your* relatives, and any other person under the age of 21 in *your* care or in the care of *your* resident relatives.

(Emphasis in original.) *"You"* is defined in the policy as referring to "the person or persons named in the Declarations and *your* spouse if a resident of *your* household." (Emphasis in original.) RAM argued that the policy does not apply to liability for bodily injury to Crystal Hanks because she was in the care of a named insured, Ralph Hanks, and under the age of 21 at the time of the accident.

The district court found that application of the exclusion turned on the extent to which Ralph Hanks exercised supervision over Crystal Hanks' operation of the mower, and whether this supervision placed her "in the care of" Ralph Hanks under the exclusion. Thus, the court held that the policy language raised a question of fact for the jury to decide. The court, therefore, denied RAM's motion for summary judgment on both aspects of the declaratory judgment action.

In a cross motion, Brenda Bauman moved for summary judgment. She contended that the severability clause of the policy provided for separate coverage of Crystal Hanks as an insured, thus barring application of the bodily injury exclusion. She based her argument on paragraph 11 of the "General Policy Provisions" which provides as follows:

11. *Insured:*

 a. *Insured* means *you* and, if residents of *your* household, *your* relatives and any other person under the age of 21 in *your* care or in the care of *your* resident relatives.

* * *

 c. Each person listed above [as an insured] is a separate *insured* under this policy, but this does not increase *our* limit of liability under this policy.

(Emphasis in original.) The court denied Brenda Bauman's motion for summary judgment.

On May 5 and 6, 1993, the declaratory judgment action was tried before a Waseca County jury. By special verdict, the jury found that Crystal Hanks was not a resident relative of her father's household at the time she was injured. The jury also found that Crystal Hanks was a person under the age of 21 in the care of her father at the time of the accident. Therefore, the court concluded as a matter of law that RAM had no duty to defend or indemnify Ralph Hanks in regard to the tort claims asserted by Brenda Bauman. The court also ruled as a matter of law that the severability clause in the policy did not preclude application of the intra-family, bodily injury exclusion.

On January 24, 1995, the Minnesota Court of Appeals reversed the trial court. *Reinsurance Assoc. of Minnesota v. Hanks*, 526 N.W.2d 406 (Minn.App.1995). The court of appeals held that Crystal Hanks is not ex-

cluded from her father's liability coverage. *Id.* The court, stated that "[l]anguage in an insurance policy exclusionary clause is ambiguous when its context makes it reasonably susceptible to different meanings and the identical language used in another part of the policy results in a contradictory construction." *Id.* at 407. RAM appeals from this judgment.

The policy issued by RAM excludes coverage "for bodily injury to you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives." (Emphasis omitted.) Because Crystal Hanks was not a resident of her father's household, she would not fit within the resident relative category of the exclusion. However, Crystal was under 21 and the trial court jury found that she was in the care of her father when the accident occurred. Thus, the third part of the exclusion would apply if "any other person under the age of 21 in your care * * *" can be a nonresident and still be excluded.

 The issue, then, is whether "if residents of your household" clearly modifies only "your relatives" or clearly modifies both "your relatives" and "any other person under the age of 21 in your care * * *," or whether the exclusion is ambiguous. Whether the language of an insurance policy is ambiguous is a question of law. *Columbia Hts. Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn.1979). Language that is reasonably subject to more than one interpretation is ambiguous. *Id.*

 The court of appeals found the exclusionary clause to be ambiguous. *Hanks* at 408. The court concluded that it was unclear whether, to be excluded from coverage, "any other person under the age of 21 in your care * * *" was required to be a resident of the insured's household or not. *Id.* We disagree. The third comma in the exclusion clearly separates the word "relatives" from the words "any other person under 21 in your care * * *." If persons under 21 in the care of the insured were required to be residents of the insured's household to be excluded, the comma would be unnecessary. Thus, we hold that the exclusionary clause

unambiguously excludes from coverage persons under the age of 21 in the care of the insured or resident relatives of the insured regardless of residency, and that, therefore, RAM had no duty to defend or indemnify Ralph Hanks in regard to the tort claims asserted by Brenda Bauman for bodily injury to Crystal Hanks.

Our holding is consistent with that of the court of appeals in *Marschall v. Reinsurance Assoc. of Minn.*, 447 N.W.2d 460 (Minn.App. 1989). In *Marschall,* an insured's resident son was working on his father's farm when the son was seriously injured. *Id.* at 461. The insurance policy contained an exclusionary clause identical to that in question. *Id.* The trial court had found it ambiguous whether the word "care" in the final clause of the exclusion modified only the words "person under 21" or also the word "relative." *Id.* The court of appeals reversed stating:

> The exclusion precludes coverage for three classes of claimants: first, the named insured; second, relative residents of the named insured's household; and third, any other person under the age of 21 in the care of the named insured or in the care of the named insured's resident relatives.

*Id.* at 462. Thus, in interpreting the exclusion, the court of appeals did not require that "persons under the age of 21" be residents.

Even more on point is *Utica Fire Ins. Co. of Oneida County v. Gozdziak,* 198 A.D.2d 775, 604 N.Y.S.2d 371 (N.Y.App.Div.1993). In *Gozdziak,* a young boy's parents were divorced and he lived with his mother. *Id.,* 198 A.D.2d at 775, 604 N.Y.S.2d at 371. While visiting his father's house, he was injured. *Id.* The father had a household insurance policy containing an exclusionary clause almost identical to the one in question. The court concluded that "[t]he exclusion sets forth three distinct classes of individuals, injury to whom is not covered: the policyholder; the policyholder's resident relatives; and minors in the care of the policyholder or his resident relatives, *irrespective of the minors' residence.*" *Id.* (emphasis added). The court found that the final comma after the word "relatives" would be unnecessary if the phrase "if residents of your household" was

intended to modify the words "persons under 21 years of age * * *." *Id.*, 198 A.D.2d at 775, 604 N.Y.S.2d at 372. We find both holdings persuasive and agree that the exclusionary clause in question is unambiguous.

Ralph Hanks next argues that under the policy's severability clause, the court must find that Crystal Hanks is covered under RAM's policy. In *American Nat. Fire Ins. Co. v. Estate of Fournelle*, 472 N.W.2d 292, 294 (Minn.1991), we stated that "[t]he intent of a severability clause is to provide each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy."

While the policy in question does contain a severability clause, we fail to see how it has any bearing on the present situation. Whether or not Crystal Hanks is treated as "separately insured with a distinct policy," she remains a person under 21 years of age in the care of the insured. Thus, regardless of the severability clause, the bodily injury exclusion bars Ralph Hanks from recovering under the policy for Crystal Hanks' injuries.

Ralph Hanks finally argues that the exclusionary clause should be held void as violative of public policy. We disagree. In previous holdings involving comparable facts, we have given effect to such clauses.

In *American Family Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113 (Minn.1983), a child sued her parents for injuries sustained under a homeowner's policy that excluded coverage for members of the insured's household. *Id.* at 115. We did not hold the exclusion void on public policy grounds. *Id.* at 116. In finding the exclusion valid, we stated:

> The well-settled general rule in the construction of insurance contracts * * * provides that parties are free to contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into.

*Id.* at 115 (citing *Bobich v. Oja*, 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960)).

In *State Farm Fire & Cas. Co. v. McPhee*, 336 N.W.2d 258 (Minn.1983), we also gave effect to an exclusion in a homeowner's policy, similar to the one at issue, to exclude coverage when a husband shot his estranged wife. We reaffirm our past decisions and hold that the exclusionary clause is not void as violative of public policy.

We reverse the decision of the court of appeals and reinstate the judgment of the trial court finding that RAM had no duty to defend or indemnify Ralph Hanks in regard to the tort claims asserted by Brenda Bauman for bodily injury to Crystal Hanks.