**ILLINOIS FARMERS INSURANCE COMPANY, Respondent,**

v.

**Katina NEUMANN, Defendant,**

**Barbara Brenny, intervenor, Appellant.**

No. C1–99–148.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 14, 1999.

Paul Godfrey, Votel, Anderson & McEachron, Saint Paul, for respondent.

Allen H. Gibas, Allen H. Gibas, P.A., Minneapolis, for appellant.

Considered and decided by HARTEN, Presiding Judge, KLAPHAKE, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge.

The district court granted respondent Illinois Farmers Insurance Company's summary judgment motion, finding that (1) appellant Barbara Brenny was a "resident of residence premises" as that term is used in a bodily injury exclusion in defendant Katina Neumann's renter's insurance policy; and (2) Brenny's medical costs and lost wages resulting from being bitten by Neumann's dog are, therefore, not covered by the policy. Brenny appeals and moves for attorney fees, claiming that she should be reimbursed for the cost of defending against a frivolous claim on appeal.

## FACTS

Neumann rented one-half of a duplex at 577 Brunson in St. Paul and sublet a room to Brenny for an unspecified term. The two shared the costs of rent and utilities equally.

In September 1995, Neumann's dog bit Brenny. As a result, Brenny required medical treatment and she lost wages. Brenny sued Neumann for compensatory damages, and Neumann submitted a claim under her renter's insurance policy written by Illinois Farmers. Illinois Farmers commenced a declaratory judgment action, seeking a determination that the policy provided no coverage for the September 1995 incident. Brenny intervened in the action.

## ISSUE

Did the district court err in determining that Brenny was a "resident of residence premises" as that term is used in a bodily injury exclusion in Neumann's renter's insurance policy?

## ANALYSIS

On an appeal from summary judgment, this court asks two questions: (1) whether there are genuine issues of material fact and (2) whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The reviewing court must also view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

### I.

■■■ This court has not previously addressed the meaning of "resident of residence premises" in a renter's insurance policy. Appellant urges this court to use, as a guide, factors developed by courts that have addressed the meaning of "resident of a household" in homeowner's and automobile insurance policies. But the terms serve different functions. Determination of whether a person is a "resident of a household" commonly involves familial relationships and an inquiry into living arrangements to decide whether the person is covered by an insurance policy. *See Firemen's Ins. Co. v. Viktora*, 318 N.W.2d 704, 707 (Minn.1982) (holding that son who lived with parents while on strike was resident of parents' household); *see also Auto-Owners Ins. Co. v. Harris by Harris*, 374 N.W.2d 795, 797 (Minn.App.1985) (holding son was not resident of household where he stayed at parents' home four to five nights in previous year). Here, a "resident of residence premises" is excluded from bodily injury coverage under the renter's insurance policy. We conclude that "resident of residence premises" is a broader term than "resident of a household" and that it is used in recognition of the fact that unrelated people commonly live together in rental premises. Therefore, a person who is not a "resident of a household" could well be a "resident of residence premises."

■■ The determination of residence is a question of fact. *Krause by Krause v.*

*Mutual Service Cas. Co.*, 399 N.W.2d 597, 601 (Minn.App.1987); *Auto-Owners*, 374 N.W.2d at 797. The district court held that the insurance policy's exclusion for bodily injury to a resident of residence premises is clear and unambiguous. It also found that it was undisputed that Brenny paid rent, shared utility expenses, slept, kept her clothes, and received mail at 577 Brunson. The district court, therefore, held that Brenny was a resident of Neumann's residence.

Brenny argues on appeal that she did not receive mail at 577 Brunson, but there is record evidence that at least some of her mail was addressed to her there, and that factor alone is not, in any event, determinative.

Brenny argues that the following factors should be considered in determining whether she was a resident of Neumann's residence premises: (1) length of stay in the residence; (2) intent to stay at the residence; and (3) whether her presence in the residence was continuous and significant. Again, these factors are, to some extent, more relevant to a determination of whether a person is a resident of a household, but nevertheless, the record shows that at the time of the incident, Brenny had been renting from Neumann for two months. *See American Family Mut. Ins. Co. v. Thiem*, 498 N.W.2d 279, 283 (Minn. App.1993) (length of stay is one factor to be considered in determining residency in a household), *aff'd in part, rev'd in part*, 503 N.W.2d 789 (Minn.1993). Before she was bitten, Brenny articulated no plans to move out of Neumann's residence. *See Viktora*, 318 N.W.2d at 707 (holding son was resident of household where his plans to move out were not specific). Brenny also argues she was not a resident because her presence was not continuous; she often returned to her parents' home on days off and used their address for her driver's license. *See Auto-Owners*, 374 N.W.2d at 797 (holding continuous, significant presence in home is a factor in determining residency in household). But we conclude

that leaving home for a few days each week does not change a person's residence, and our supreme court has recognized that adult children who have a residence elsewhere often continue to use their parents' address as a convenience. *See Fruchtman v. State Farm Mut. Auto. Ins. Co.*, 274 Minn. 54, 57, 142 N.W.2d 299, 301 (1966).

Second, Brenny argues that the district court should have considered the absence of any social relationship between Neumann and her in determining whether she was a resident of Neumann's residence premises. *Viktora*, 318 N.W.2d at 706 (living in close, intimate, and informal relationship factor in determining whether person is resident of household). But such an analysis is relevant only to determining whether a person is a resident of a household and has no applicability here.

Third, Brenny argues Neumann reasonably expected to be covered for such a claim as the one here. Whatever Neumann's expectations, the exclusions in the policy are not ambiguous. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271 (Minn.1985) (holding ambiguity is a factor to be considered in construing reasonable expectations of the policyholder).

We conclude that intent to live in a residence and physical presence there are of primary importance in determining whether a person is a resident of a residence premises. Here, Brenny paid rent to live at 577 Brunson, and, at the time of her injury, she was spending more time living there than at any other place. She was a resident of Neumann's residence premises when she was injured.

Finally, Brenny argues that the district court failed to consider Section II of Neumann's insurance policy. She claims that the introductory language of subsection 1 of Section II expressly nullifies the exclusion for a resident of residence premises and that the policy provides coverage, in subsection 1a, for bodily injury and property damage to that part of a residence that is rented to no more than two roomers or boarders. But the introductory language of subsection 1 does not apply to subsection 1a. Subsection 1 provides

We do not cover bodily injury or property damage which:

1. arises from or during the course of business pursuits of an insured.

But we do cover:

a. that part of a residence of yours which is rented or available for rent:

(1) on an occasional basis for sole use as a residence.

(2) to no more than two roomers or boarders for sole use as a residence.

The two immediately preceding provisions of the policy both expressly state that bodily injury to a resident of residence premises is not covered under the policy. Subsection 1a clearly contemplates that the owner of the renter's insurance policy may sublet part of the premises covered by the policy and that part of the premises will have property damage coverage, but the language cannot be read to provide coverage for bodily injury to a sublessee.

We affirm the district court's determination that, at the time of her injury, Brenny was a resident of Neumann's residence premises within the meaning of the bodily injury exclusion in Neumann's renter's insurance policy.

## II.

Brenny moves to strike portions of the brief submitted by Illinois Farmers that relate to whether Brenny received mail at 577 Brunson, arguing that Illinois Farmers misrepresented her deposition testimony. But a review of the record shows there is support for the proposition that Brenny used 577 Brunson as a mailing address. Brenny also claims that those portions of the brief should be stricken on the ground they contain miscitations of caselaw. We conclude that the use of caselaw by Illinois Farmers was within the bounds of permissible legal argument and deny Brenny's motion to strike.

Illinois Farmers claims it did not receive notice that Brenny served Neumann with a notice of appeal and argues that the appeal should, therefore, be dismissed for lack of jurisdiction. But this court's file contains an affidavit of service by mail of the notice of appeal on Neumann, which Illinois Farmers could have confirmed upon inquiry. Brenny moved for attorney fees for the expense of defending against the claim on appeal on the ground that it is frivolous. But Brenny's motion does not comply with the requirements of Minn. R. Civ.App. P. 139.06, and the amount involved is, in any event, de minimis. Brenny's motion for attorney fees is denied.

## DECISION

Brenny was "a resident of residence premises" as the term is used in the bodily injury exclusion in Neumann's renter's insurance policy. We deny Brenny's motion to strike and her motion for attorney fees.

**Affirmed; motions denied.**