# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3731
_____

Courtney Godfrey

*Plaintiff - Appellant*

Ryan Novaczyk

*Plaintiff*

v.

State Farm Fire and Casualty Company; Government Employers Insurance
Company

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 18, 2020
Filed: August 24, 2021
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Courtney Godfrey sued State Farm Fire and Casualty Company and the
Government Employers Insurance Company for liability coverage after she was

injured on her husband's boat. The district court[1] granted summary judgment for the insurers, and we affirm.

## I.

Godfrey was seriously hurt when she was thrown from her husband, Ryan Novaczyk's, boat. Godfrey and Novaczyk filed claims for her injuries with State Farm, who insured the boat, and GEICO, who sold Novaczyk an umbrella insurance policy. Both policies had household exclusions: in other words, they declined coverage for injuries to the insured or members of the insured's household. Both insurers denied the personal injury claims because Godfrey and Novaczyk were married and lived together.

Godfrey sued Novaczyk, GEICO, and State Farm. GEICO removed the case to federal court, and Novaczyk was realigned as a plaintiff. Godfrey agreed that the household exclusions applied to her claim, but she argued that they violated Minnesota public policy. She also asked the district court to certify the public policy question to the Minnesota Supreme Court. The district court refused and instead granted summary judgment to the insurers because the exclusions were not prohibited by statute or Minnesota public policy. Godfrey appeals.

## II.

The parties agree on the facts and that Minnesota law applies. We apply *de novo* review to the district court's interpretation of the contracts, application of state laws, and summary judgment decisions. *Am. Fam. Mut. Ins. Co., S.I. v. Mid-Am. Grain Distribs., LLC*, 958 F.3d 748, 752 (8th Cir. 2020). "Because we are interpreting Minnesota law, we are bound by the decisions of the Minnesota Supreme Court, and if the Minnesota Supreme Court has not spoken on a particular

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

issue, we must attempt to predict how the Minnesota Supreme Court would decide it and may consider relevant state precedent, analogous decisions, considered dicta[,] and any other reliable data." *Engineered Sales, Co. v. Endress + Hauser, Inc.*, 980 F.3d 597, 599 (8th Cir. 2020) (citations omitted) (cleaned up).

Godfrey suggests that the question of umbrella and boatowner's liability insurance coverage arising from spousal negligence creates a novel question of law that we should certify to the Minnesota Supreme Court. We review the district court's decision not to certify a question of law under an abuse of discretion standard. *Anderson v. Hess Corp.*, 649 F.3d 891, 895 (8th Cir. 2011). We also have "an independent discretion of our own to decide whether certification is appropriate." *Knowles v. United States*, 29 F.3d 1261, 1265 n.8 (8th Cir. 1994).

Minnesota's "'well-settled general rule in the construction of insurance contracts' permits parties to 'contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into.'" *Pepper v. State Farm Mut. Auto. Ins. Co.*, 813 N.W.2d 921, 927 (Minn. 2012) (quoting *Am. Fam. Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn. 1983)).

The State Farm and GEICO household exclusions bar recovery here. But Godfrey says Minnesota law and public policy demand we set them aside. She argues that Minnesota would follow a two-step process to abrogate household exclusions: first, abolish family member immunity; and second, invalidate household exclusions in insurance contracts as against public policy. Godfrey Br. 7.

Godfrey points to *Anderson v. Stream*, 295 N.W.2d 595 (Minn. 1980) and *Beaudette v. Frana*, 173 N.W.2d 416 (1969) for the first step. Respectively, those cases invalidated parental and spousal immunity defenses in tort. *Anderson* did note "the prevalence of liability insurance" to "help effectuate th[e] goal [of

-3-

compensating injuries].”  295 N.W.2d at 600.  But it did not hold that insurance policies must cover household members.

For that, Godfrey points us to *Hime v. State Farm Fire & Cas. Co.*, 284 N.W.2d 829 (Minn. 1979).  In *Hime*, the Minnesota Supreme Court considered a conflict-of-laws question for a car accident that occurred in Minnesota but involved a Florida insurance policy.  *Id.* at 831–32.  In considering the choice-of-law rules, the Minnesota Supreme Court noted that “the courts and legislature of [Minnesota] have condemned household immunity clauses.”  *Id.* at 833.  Godfrey relies too much on that case.  The court did a conflict-of-laws analysis, which takes a broad view of state interests.  Godfrey also ignores the legislature, whose role the Minnesota Supreme Court recognized in *Hime* when it pointed to Minnesota’s no-fault automobile insurance act and noted that the “choice between the Minnesota and Florida laws is determinative of the outcome of this case.”  *Id.* at 832 n.1.  (“Minnesota law has prohibited household or family exclusions in automobile liability insurance policies since 1969 . . . .  Under the current Minnesota no-fault automobile insurance act, family and household members are included in the statutory definition of ‘insureds.’”  (citing Minn. St. 65B.43, subd. 5)).  Minnesota has not passed a similar law for boat or umbrella insurance.

In fact, Minnesota consistently enforces household exclusions when “[t]he controlling statutes do not prohibit such exclusions, nor do they require homeowner’s policies to provide liability coverage for claims made by one resident of a household against another.”  *Ryan*, 330 N.W.2d at 115–116.  The authority to change this rule lies with the Minnesota legislature.  *See In re Racing Servs., Inc.*, 779 F.3d 498, 505 (8th Cir. 2015) (“If the rule is wrong, the Legislature has ample power to change it.  It is the duty of the courts to enforce the law as it exists.” (citation omitted)).

Godfrey argues, contrary to *Ryan*, that a statute is unnecessary to show that Minnesota bars household exclusions for non-automotive accidents.  And if it was necessary, Minnesota’s comparative fault statute, Minn. Stat. § 604.01, subdivs. 1

and 1a, applies. But we find no language in those provisions, or any other Minnesota law, addressing mandatory coverage or household exclusions beyond Minnesota's statutory mandates for automobile liability insurance that were at issue in *Hime*.

We are bound by Minnesota Supreme Court decisions, not only in *Ryan*, but also in *State Farm Fire & Casualty Co. v. McPhee*, 336 N.W.2d 258, 261 (Minn. 1983) (upholding a household exclusion clause) and *Reinsurance Association of Minnesota v. Hanks*, 539 N.W.2d 793, 797 (Minn. 1995) (upholding a minor-in-the-care-of-insured exclusion clause). The Minnesota Supreme Court looked to *Ryan* and *McPhee* in support of its ruling that the exclusionary clause in *Hanks* was "not void as violative of public policy." *Hanks*, 539 N.W.2d at 797.

It is not our role to expand Minnesota law to invalidate household exclusions. *See Luskin v. State Farm Fire & Cas. Co.*, 141 F.3d 1169 (8th Cir. 1998) (per curiam) (unpublished) ("As a federal court sitting in diversity, we are in no position to extend Minnesota law."). And we do not see an issue of unsettled law. The Minnesota Supreme Court addressed this and declined to revisit the question in *Ryan*, *McPhee*, and *Hanks*.[2] *See Vierkant by Johnson v. AMCO Ins. Co.*, 543 N.W.2d 117, 121 (Minn. Ct. App. 1996), *rev. denied* (Minn. Mar. 28, 1996); *Bundul v. Travelers Indem. Co.*, 753 N.W.2d 761, 766 (Minn. Ct. App. 2008), *rev. denied* (Minn. Oct. 1, 2008). Godfrey does not present a close question of state law, so we do not certify the question to the Minnesota court.

---

[2]In a Rule 28(j) letter dated March 17, 2021, Godfrey asked us to stay our decision until the Minnesota Supreme Court rules in *Poitra v. Short*, Case No. A20-0491, 2020 WL 7689593 (Minn. Ct. App. Dec. 28, 2020), *rev. granted* (Mar. 16, 2021). The 28(j) letter is not a motion for stay under Federal Rule of Appellate Procedure 8, and it is not clear that the Minnesota Supreme Court's decision in *Poitra* will address anything beyond a homeowner's insurance policy. Godfrey's request is denied.

## III.

The district court's grant of summary judgment is affirmed.

_____